STATE EX REL. LAKE COUNTY COUNCIL *v.* LAKE COUNTY COURT
AND HONORABLE ORVAL W. ANDERSON, JUDGE OF THE LAKE
COUNTY COURT AND HONORABLE LORENZO ARRENDONDO, JUDGE
OF THE LAKE COUNTY COURT.

[No. 177S29. Filed February 10, 1977.]

*Permanent writ of mandate and prohibition granted.*

*James L. Wieser,* of Highland, for relator.

*Bernard Tetek,* of Gary, for respondent Arrendondo.

DEBRULER, J.—This is an original action filed by the Lake County Council against the respondent judges of two of the Lake County Courts. On January 24, 1977, following a hearing in this Court at which both judges appeared, we granted a permanent writ of mandate and prohibition with opinion to follow, requiring respondents to expunge certain orders and to grant changes of venue sought.

The verified petition shows that on January 3, 1977, respondents issued mandate orders which decreed that the 1977 estimated budgets submitted by the courts in the sum-

mer of 1976 and rejected by the Lake County Council be immediately effective and commanded the Council to appropriate and pay out monies for the operation of the courts in sums consistent with such budgets. The appropriation for the respondents for the year 1977 by the Council was substantially below the amounts requested by the courts in their estimated budgets. Thereafter on January 12, 1977, the Council filed petitions for relief from mandate of funds, challenging the orders of the two courts pursuant to the provisions of Ind. R. Tr. P. 60.5, recently adopted by this Court. And two days later, on January 14, 1977, the Council filed motions for change of judge. Both courts by orders dated January 18, 1977, dismissed the petitions for relief from mandate of funds and immediately thereafter in the same orders dismissed and denied the motions for change of judge.

There is before this Court no question between the parties that the proceedings in the lower courts were governed by the provisions of Trial Rule 60.5 adopted effective November 1, 1976, and that the Council moved expeditiously and within the limitations set in that rule. On the basis of the verified petition and the certified copies of the pleadings, orders and entries presented by relators, relators have presented a prima facie case for issuance of the writ. *State ex rel. Rooney, Bretsch* v. *Lake Circuit Court,* (1956) 236 Ind. 345, 140 N.E.d 217.

Respondents contend that they had jurisdiction to deny the requested change of venue since, between the filing of the motion for change of venue and the denial of same, the courts dismissed the petitions for relief because they failed to contain a specific request for a trial on the merits as required by the terms of Trial Rule 60.5, and therefore nothing was pending before the court for litigation by a special judge. With regard to the right of a mandated party to seek a change of judge, Trial Rule 60.5 provides:

"A change of judge may be had upon the filing of such motion within five [5] days after the filing of the petition

[for relief], except in those cases where the judge can demonstrate that the court function, or any material aspect thereof, will cease by the delay occasioned by the change."

The law in Indiana is that a timely motion for change of venue from the judge effectuates an immediate divestiture of jurisdiction to act in the case on any matter other than the motion for change of venue. *State ex rel. Krupa* v. *Peak*, (1947) 225 Ind. 164, 73 N.E.2d 482; *State ex rel. Ballard* v. *Jefferson Circuit Court*, (1947) 225 Ind. 174, 73 N.E.2d 489. The dismissal of the pending petition for relief was not a ruling on a motion for change of venue and was therefore accomplished without jurisdiction. As the act of dismissing the pending petition was itself without jurisdiction by reason of the pending motion for change of venue on file at the time, it cannot serve as a justification for denying the motion for change of venue.

Respondents also contend that the denial of the change of venue was supported by findings of each trial judge, expressly authorized by that part of Trial Rule 60.5 set out above, to the effect that the delay in the final effectiveness of the mandate order occasioned by the grant of the change from the judge would result in the cessation of practically all of the trial courts' functions.

The budgets, which the challenged court orders vested with full and immediate legal effectiveness, made provisions for salaries, contractual services, supplies, current charges and properties for the operation of the courts for the entire year 1977. The budgets as approved by the Council would show that that body considered the sums requested to be too large and the number of court employees to be too great. It is our judgment that the budget as approved did not leave the court without sufficient employees or funds with which to successfully operate for a short period of time. No category of court need was left unfunded. And much is in the mandated budgets that could not possibly be necessary for the operation of the courts during the first few months of this year. The finding of the respondent courts are insufficient

to support the conclusion that "the court function or any aspect thereof, will cease by the delay occasioned by the change." Trial Rule 60.5.

On the basis of the foregoing, we have ordered the respondent courts to expunge their orders dismissing the petitions of relators for relief, and to grant the requested changes of venue. And we now further, in accordance with Trial Rule 60.5, appoint the Honorable Jack A. King, Judge of the Tippecanoe Superior Court to serve as special judge herein.

In order to facilitate and expedite the hearing before the special judge, we deem it appropriate to provide some guidance for the conduct of the hearing. The issues at the hearing are whether the items mandated are reasonably necessary for the operation of the court, and if so, whether any specific fiscal or other governmental interests are adversely affected by the mandate orders to such a degree as to require that such orders be set aside or modified. The hearing should provide a factual foundation, developed in a suitable adversary atmosphere, to permit a rational decision of the issues. If the written findings of fact supporting the initial mandate orders are sufficient in view of the trier of fact to constitute a prima facie showing of necessity, the hearing may commence with the mandated party presenting its contentions tending to show no necessity and its fiscal concerns. Rebuttal would then be proper. If the findings are insufficiently complete, the trier of fact may require the mandating party to justify the orders or any part of them. We have examined the findings made by the respondent courts in this case and find them insufficiently specific, in that they only identify each category of expenditure as necessary to the operation of the courts in a conclusory manner, and therefore the special judge below should require the mandating parties here to provide support for their orders.

It is so ordered.

Hunter and Prentice, JJ., concur; Given, C.J., concurs in result; Arterburn, J., not participating.

NOTE.—Reported at 359 N.E.2d 918.