**Frank R. HALE, as President and Robert Arnold, John Gettinger, Thomas Taylor, Walter Earl Monk, Marion Eugene Hood and William L. Parker, as Members of the Sullivan County Council, and Barbara Anderson, as Auditor of Sullivan County, Petitioners,**

v.

**Brian W. SMITH, as Judge of the Sullivan County Court, Respondent.**

**No. 479S86.**

Supreme Court of Indiana.

June 12, 1979.

Mark Leo Reed, Sullivan, for petitioners.

James J. Riester, Linton, for respondent.

DeBRULER, Justice.

This is an expedited appeal pursuant to Ind.R.Tr.P. 60.5 of this Court from a judgment of the Sullivan County Court, the Honorable Martin E. Risacher, Special Judge, affirming a mandate ordered by the Honorable Brian W. Smith, regular judge of the Sullivan County Court. The subject mandate order was issued to the Sullivan County Council on September 5, 1978, and required that the County Court Reporter be paid an annual salary for 1979 · in the amount of $7,700.00 and that the County Court Bailiff be paid an annual salary of $6,500.00 for the same year.

The Council challenged the order pursuant to the rule, and the judgment here for review followed a hearing precipitated by the Council. The judgment affirmed the order in all respects and in addition thereto required that the attorney representing the court and judge at the hearing be paid his fees.

■ The transcript, submitted in the form of an electronic tape recording, reflects without question that Judge Smith met with the Council for the purpose of providing support for his said budget requests before the order of mandate was issued. The precondition for the issuance of the mandate order that "the court shall meet with the mandated party to demonstrate the need for said funds" was therefore satisfied. Trial Rule 60.5. At the outset we also note the legal framework in which this case arose, including the specific statutory authority of the judge of a county court to appoint a court reporter and bailiff, Ind.Code § 33–10.5–8–2, and the statutory duty of the county council to pay the salary of such court personnel, Ind.Code

§ 33–10.5–8–3. There is no specific statutory definition of the duties of the county court bailiff or the county court reporter, nor statute setting their salaries. In this posture the issues presented to Special Judge Risacher for determination at the hearing were "whether the items mandated are reasonably necessary for the operation of the court, and if so, whether any specific fiscal or other governmental interests are adversely affected by the mandate orders to such a degree as to require that such orders be set aside or modified." *State ex rel. Lake County Council, Relator v. Lake County Court et al.,* (1977) Ind., 359 N.E.2d 918.

■ On appeal by the mandated party pursuant to Trial Rule 60.5 the question presented to this Court is whether there was substantial evidence of probative value to sustain the decision of the trial court that the mandated funds were reasonably necessary for the operation of the court. *Lake County Council v. Lake County Court, Division II et al.,* (1977) Ind., 363 N.E.2d 218. At the hearing the testimony of Judge Smith provided the bulk of the evidence in support of the salaries which were mandated. This testimony was given upon questioning by counsel representing Judge Smith and through him the Sullivan County Court. It described in great detail the duties of the bailiff of that court, and based upon it, the Special Judge concluded that the position of court bailiff would be a full-time position in the year 1979, thereby resolving the major conflict in the positions assumed by the court and the council. The evidence sustains the trial court's finding on this point, and it, together with other evidence of the necessity for paying the annual salary which the judge requested, provides sufficient evidence to sustain the decision in regard to the bailiff's salary. In 1978 the bailiff of the court received $5,700 for his service to the court as part-time bailiff. The caseload of the court increased during his service on the court. His duties detailed by the judge included getting cases ready for actual trial when scheduled, taking charge of prisoners, receiving visitors, answering telephones, filing returns and other documents, procuring supplies, post-ing the court's main calendar, giving notification in certain specific instances, and maintaining a number of different indexes and files. Others were mentioned. The annual salary of $6,500 for a full-time bailiff of a county court is not extravagant, is on parity with the salary of comparable jobs, and was shown reasonably necessary to provide services for the operation of the court.

Further, the testimony described the duties of the court reporter, the history of salaries of county court reporters in Sullivan County and throughout the State, and the level of skills required for the position. The serving court reporter typed 80 w. p. m. and took shorthand at the rate of 95 w. p. m. She had been employed for about two years as court reporter at the time the mandate order was issued by the judge. Before assuming that position she had been employed as a legal secretary for a total of four years and was well qualified to serve as court reporter. During her service on the court the workload had increased. During a period of time when the court reporter was absent because of illness the court experienced difficulty in hiring temporary replacements and fell behind in its work. The impediment resulting from her absence was severe. On-the-job training for a court reporter with law office experience is a minimum of three months and a minimum of six months for others.

In 1978 the court reporter was paid $6,700 annual salary. The salary of $7,700 mandated by the judge for her is on a parity with other court reporters in similar courts, is substantially less than the rate for some legal secretaries in the environs of the court, and is substantially less than other courthouse personnel with fewer skills and responsibilities. Worthy of particular note is the administrative duty of this county court reporter to meet and provide information to those persons desiring to file small claims who contact the court. The ability to function well in this important position obviously requires great patience, articulateness, and a thorough knowledge of the court's procedures. On the other hand,

there was no evidence requiring the hearing judge to conclude that the salary mandated was extravagant or that the payment required by the order would reduce or impede any specific governmental program or function. Accordingly, based upon the foregoing recitation of evidentiary matter and upon consideration of this record, we find that the salary mandated for the court reporter for 1979 in the sum of $7,700, while a substantial increase as a percentage, was nevertheless reasonably necessary to compensate the court reporter and to thereby provide for the operation of the court.

■ The Council has questioned the judgment of the court wherein it ordered the payment of attorney fees for the lawyer who represented and assisted Judge Smith. This Court has never been presented with the question posed, namely, whether attorney fees for legal representation of the court in a mandate action and a proceeding brought pursuant to Trial Rule 60.5 are properly granted. In general there is no legal right to recover attorney fees in a mandate action. *Indiana Alcoholic Beverage Commission v. State ex rel. Vaughn E. Harman,* (1978) Ind., 379 N.E.2d 140; *Perry County Council v. State ex rel. Baertich,* (1973) 157 Ind.App. 586, 301 N.E.2d 210. However, these cases are markedly different from the case at bar. The plaintiff in the *Perry County Council* case brought the mandate action to compel the payment of a salary to herself as county public health nurse. The plaintiff in the *Indiana Alcoholic Beverage Commission* case instituted the mandate action for an order compelling the Commission to conduct a hearing on his own application for a license. The relief sought in both cases would inure to the personal benefit of the plaintiffs. In the case at bar Judge Smith issued the mandate in his official capacity not for his own pecuniary reward, but for the purpose of meeting the operational needs of the Sullivan County Court. The court reporter and bailiff are to receive the salaries, and the Sullivan County judicial system will reap the benefits thereby. In light of this, this court proceeding is properly to be viewed for these purposes as a dispute between two

arms of the county government and in court both are appropriately to be represented by counsel and the fees of such counsel should be paid by the county. In most claims of this type the necessity for particular legal services and the reasonableness of any amount ordered paid for such services will not be in serious contention; however, we are convinced at this juncture that both matters are subject to review by this Court under Trial Rule 60.5. However, in this particular case, the trial judge in the judgment declared that attorney fees were lawfully to be paid but set no certain amount. Under this peculiar posture further proceedings which may result from any determination of the amount of such fees shall be considered as separate and distinct herefrom and shall not affect the validity or the effectiveness of the judgment affirmed today. The judgment as written is affirmed.

The Clerk of this Court is directed to certify this opinion forthwith to the court below without awaiting waivers or expiration of the time allowed for the filing of a rehearing petition and simultaneously to send uncertified copies to the attorneys of record.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.