Stanley M. LEVCO, Judge, Gibson County Court, Petitioner,

v.

AUDITOR OF the STATE, Mary Currie, The Gibson County Council, Charles Burton, Frank Coomer, Charles Shoultz, Charles Mills, Roger Showers, George Malone, Ed Colbert, all members of said County Council of Gibson County, and Raymond Kuester, Auditor of Gibson County, Indiana, Respondents.

No. 179S25.

Supreme Court of Indiana.

Aug. 24, 1979.

George R. Rehnquist, Princeton, for petitioner.

Theodore L. Sendak, Atty. Gen., Donald P. Bogard, Chief Counsel, Indianapolis, Jerry D. Stilwell, Fair & Stilwell, Princeton, for respondents.

GIVAN, Chief Justice.

This is an appeal from a mandate action initiated by the Honorable Stanley M. Levco, Judge of the Gibson and Posey County Courts, to recover his travel expenses for commuting between Posey and Gibson counties. The trial court denied recovery of any excess travel expenses, but awarded to Petitioner Levco Four Hundred Dollars ($400.00) in attorney fees to be paid out of unappropriated county general funds. Upon the request of Judge Levco, the record has been certified to this Court for review. See TR 60.5(B).

The original county court law, enacted in 1975, established a joint county court for Posey and Gibson counties. Acts 1975, P.L. 305, § 48 (repealed by Act 1977, P.L. 315, § 29). Judge Levco assumed office in January, 1976. A resident of Mount Vernon in Posey County, he was required to travel a 96-mile roundtrip to Princeton, the seat of Gibson County, to hold court.

In 1976 the legislature addressed this travel problem by amending IC § 33–13–3–1 [Burns Supp.1978] to provide judges of joint county courts with a reimbursement of One Thousand Dollars ($1,000.00) for travel expenses in commuting between the counties. These monies are to be paid from the State's general fund. However, in 1976, Judge Levco travelled a total of 17,-472 miles, or about 15 trips per month. After being paid his One Thousand Dollar ($1,000.00) travel allowance from the State, his excess expenses, calculated at the 1976 state government rate of 13 cents per mile, amounted to $1,271.36. The comparable figures for 1977 and 1978 were $1,499.84 and $1,064.43, respectively. He therefore submitted vouchers to the Gibson County Auditor, requesting payment for one-half of the excess. Such vouchers were paid for a time but the payments were terminated when the State Examiner of the Indiana State Board of Accounts informed Judge Levco that the county had no authority to pay any travel expenses. Judge Levco returned $688.78 to the Gibson County Auditor under protest and sued in mandate for his excess travel expenses.

The first statute of this kind, enacted in 1935, provided a reimbursement of Three Hundred Dollars ($300.00) for judges of joint circuits. Acts 1935, ch. 128, § 1. In 1953, the amount was increased to One Thousand Dollars ($1,000.00) annually. Acts 1953, ch. 25, § 1. In the 44 years the statute has been in force, the question as to whether excess travel expenses may be paid by the counties has never arisen.

■■ While there generally is no allowance for travel between an officer's home and his official place of business, it is not unreasonable to expect an officer who is required to appear in more than one county to be reimbursed for his travel expenses between the counties. The legislature had this in mind in 1935, 1953 and 1976 when it provided the travel allowances for judges of joint circuits and joint county courts. It seems highly probable that the One Thousand Dollars ($1,000.00) reimbursement is more than sufficient for most judges of joint courts. However, we will take judicial notice of the fact that of all the joint circuits and joint county courts in the state, the roundtrip distance of 96 miles between the seats of Posey and Gibson counties is the greatest. At the current rate of 15 cents per mile, the judge could travel to Princeton less than six times per month before the One Thousand Dollars ($1,000.00) was exhausted. Clearly, the legislature did not intend for a judge of a joint county court to pay annually up to One Thousand Five Hundred Dollars ($1,500.00) of his own funds to travel to the other county to hold court. This would be an intolerable situation and an insurmountable barrier to the effective administration of justice in this state. We therefore hold that when the travel allowance of One Thousand Dollars ($1,000.00) is insufficient to reimburse a judge of a joint circuit or joint county court for a reasonable number of trips to the second county in pursuit of his judicial duties, the judge is entitled to reimbursement for the excess. These excess travel expenses should be divided equally between the two counties without regard to the county where the judge resides.

■ The second question which arises in this appeal is whether the award of Four Hundred Dollars ($400.00) in attorney fees to the judge should be permitted. In general, there is no right to recover attorney fees in a mandate action. *Indiana Alcoholic Beverage Commission v. State ex rel. Harman* (1978) Ind., 379 N.E.2d 140; *Perry County Council v. State ex rel. Baertich* (1973) 157 Ind.App. 586, 301 N.E.2d 219. However, where the judge institutes the action in his official capacity, not for his personal pecuniary reward, but for the purpose of meeting the operational needs of

the court, a reasonable attorney fee must be paid by the county. *Sullivan County Council v. Hon. Brian W. Smith* (June 12, 1979), No. 479 S 86. In the case at bar, although the travelling expenses will be paid to the judge, the situation is different from the normal attorney fees case. The travel allowance sued for here is not in any sense a measure of additional salary or other pecuniary benefit. It is, rather, a reimbursement for the actual travel expenses incurred by the judge in journeying to an outside county to hold court. Absent such reimbursement, the Gibson County Court could not operate unless the judge himself made personal outlays of up to One Thousand Five Hundred Dollars ($1,500.00) to pay for his travel. We therefore conclude that the travel reimbursement is, for all intents and purposes, an operating expense of the joint county court. The trial court did not err in awarding attorney fees to the judge.

The award of attorneys fees is affirmed. The order denying recovery of excess travel expenses is reversed and the cause is remanded for further proceedings consistent with this opinion. The Clerk of this Court is directed to certify this opinion forthwith to the court below, without awaiting waivers or expiration of time allotted for the filing of a rehearing petition.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., *concur.*