STATE of Indiana ex rel. the ADAMS CIRCUIT COURT, the 26th Judicial Circuit of Indiana, Myles F. Parrish, Presiding Judge, Appellant,

v.

The ADAMS COUNTY COUNCIL: Alan S. Baumgartner, Richard L. Miller, Merle Affolder, Chalmer H. De Bolt, Wilbur F. Selking, Clarence Heimann and Steven L. Steury, Appellees.

No. 380S79.

Supreme Court of Indiana.

Dec. 31, 1980.

Harry W. Scott, DeVoss & Scott, Decatur, for appellant.

David W. Dennis, Dennis, Reinke & Vertesch, Richmond, for appellees.

GIVAN, Chief Justice.

On August 16, 1979, the Clerk and the Clerk–elect of Adams County requested the Judge of the Adams Circuit Court to issue a mandate ordering the Adams County Council to approve the 1980 budget which the Clerk had submitted to the Council. The Judge of the Circuit Court met with the Council on October 9, 1979, and advised the members that pursuant to T.R. 60.5, he had the right to mandate salary levels for court personnel and court related expenses. He further informed the Council that this mandate power included the power to mandate the salaries of employees of the County Clerk. The Council voted six to one to deny the request to reconsider the proposed 1980 budget. The court then ordered the Council to reconsider its action and approve the budget submitted by the Adams County Clerk. On November 26, 1979, the County Council requested a trial on the merits of the mandate. Subsequently, the court granted the Council's petition for a change of judge. This Court appointed the Honorable Thomas G. Wright, Judge of the Grant Superior Court, as Special Judge on December 13, 1979.

The trial court issued his order dismissing the mandates of the Adams Circuit Court. This order of dismissal reads as follows:

### ORDER OF DISMISSAL

Comes now the Court, and having raised subject–matter jurisdiction on its own motion and having further considered legal briefs filed by relator and respondents, and having further considered the provisions of I.C. 17–3–17–1 (sic), I.C. 17–3–1–17–2 (sic), and I.C. 17–1–24–18.1, and having further considered the case of *Snider v. State ex rel. Leap, 206 Ind. 474, 190 N.E. 178 (1933)*, and being duly advised in the premises, finds that the setting of salaries for personnel of the office of Clerk of Adams County, Indiana, by relator is not a court related function and further finds that relator lacks jurisdiction to issue its Mandate to respondents under T.R. 60.5.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that relator lacks jurisdiction to mandate respondents to approve the salaries for personnel of the office of Clerk of Adams County, Indiana.

It is further ordered and decreed that the mandate issued by relator against respondents be dismissed with prejudice. Judgment on the findings.

Dated this 29th day of February, 1980.

It is from this order that the present appeal has been taken by the Adams Circuit Court. Although relator sets forth three issues he makes only one argument since the issues are coextensive. Essentially, we are faced with one question: Are the deputies in the office of the Clerk of the Circuit Court, who are appointed by the Clerk and who are included in the budget of the Clerk, officers of the Court in the same sense as the bailiff, probation officer and the court reporter so as to bestow jurisdiction upon the Circuit Court pursuant to T.R. 60.5 to mandate payment of their salaries in the same manner and to the same extent that he might in the case of the above–named court–appointed judicial officials?

We hold that the order of the Special Judge is correct and that the Circuit Court Judge does not have the power to mandate the salary of deputies in the office of the Clerk of the Circuit Court.

In *Snider v. State ex rel. Leap,* (1933) 206 Ind. 474, 478, 190 N.E. 178, 180, this Court held that the county council had the responsibility of approving the number of deputies and assistants in the clerk's office as well as their salaries. In *Snider,* this Court dealt with a statute (since repealed) which provided:

"At the beginning of his term of office and of each calendar year, each official named herein shall make out a schedule of the number of deputies and assistants necessary to conduct the business of his office, with the salaries attached thereto, which schedule shall first be approved by the county council." (Burns § 7851 Burns Supp.1929)

The statute which applies in the instant case supersedes the above–mentioned statute. However, it also gives the County Council the authority to set the salaries of employees of the County Clerk. Pursuant to I.C. 17–3–71–2 [Burns 1976] (repealed effective September 1, 1981) which expressly discusses deputies and assistants of the Clerk of the Circuit Court, "[t]he salaries and other compensation of all such deputies and other assistants, to be paid by the county, shall be determined and fixed by the county council within the limits hereinafter prescribed." The meaning of this statute is clear. The Adams Circuit Court does not have the jurisdiction to mandate the salary of deputy county clerks.

Relator argues that T.R. 60.5, in conjunction with I.C. 17–1–24–18.1, places the setting of the salary of deputy clerks within the purview and scope of the Adams Circuit Court's mandate powers. T.R. 60.5 gives courts the power to mandate funds "which are reasonably necessary for the operation of the court or court–related functions". Although I.C. 17–1–24–18.1 authorizes the county council to "fix salaries of officers, deputies, assistants and employees whose salaries are payable from any county fund", this statute does "not apply to judges of courts and attachés of courts or to prosecuting attorneys and their deputies whose minimum salaries are established by law." Thus, argues relator, a deputy clerk is an attaché of the court who performs a court–related function.

Prior decisions of this Court which upheld salary mandates by Circuit Courts have involved such court employees as "court reporters, bailiffs, administrators, probation officers, secretaries, clerks, office managers, supervisors, [and] janitors. . . ." *Vigo Cty.*

*Council v. Vigo Superior Ct.*, (1979) Ind., 397 N.E.2d 969; *McAfee v. State ex rel. Stodola*, (1972) 258 Ind. 677, 284 N.E.2d 778; *Carlson v. State ex rel. Stodola*, (1966) 247 Ind. 631, 220 N.E.2d 532. These cases do not suggest that the Judge of the Circuit Court has the authority to mandate the salaries of deputy clerks.

We, therefore, hold that the Special Judge was correct in dismissing the mandates of the Adams Circuit Court.

All Justices concur.