**In the Matter of the MANDATE OF the SHELBY SUPERIOR COURT OF MAY 15, 1980.**

No. 780S224.

Supreme Court of Indiana.

March 5, 1981.

Frank E. Spencer, Indianapolis, for appellant.

Good & Murphy, Shelbyville, for appellee.

PIVARNIK, Justice.

This is an expedited appeal, pursuant to Ind.R.Tr.P. 60.5, from a judgment of the Shelby Superior Court in its capacity as the Shelby Juvenile Court. The Honorable Ronald Drury, Special Judge, affirmed a mandate ordered by the regular judge of the Shelby Superior Court, the Honorable George Tolen. Petitioners, the Shelby County Council and the Auditor of Shelby County then requested that Special Judge Drury certify this matter to this Court for review.

On May 15, 1980, Judge Tolen issued a writ of mandate to the Shelby County council, ordering salary increases for two assistant probation officers, a court reporter and a court administrator. The increase to the assistant probation officers, Emma Horner and Mary Bailey, would be $2000, from $8,000 to $10,000 a year; to court reporter Pamela Hupp, from $9,860 to $11,000, an increase of $1,140; and to court administrator Victor Hirschauer, an increase of $760, from $11,000 to $11,760. The issues presented in this appeal are: (1) whether the items mandated are reasonably necessary for the operation of the Shelby Superior Court in discharging its duties as the juvenile court; and (2) whether any specific fiscal or other governmental interest is adversely affected by the mandate orders to a degree that such orders should be set aside or modified.

An additional issue is raised by the Shelby County Council and the Auditor of Shelby County in their request for certification here that concerns the posture to be taken by the regular judge who has been removed from the mandate proceedings pursuant to the procedures established in Trial Rule 60.-5. The Council and the Auditor contend that Trial Rule 60.5 contemplates a summary proceeding that is not adversary in nature and, therefore, that it is improper for the regular judge to act in the nature of a party in a regular lawsuit and take part in the proceeding, defending and promoting his position in requesting the increases represented in the mandate order. In this case, Judge Tolen employed counsel to represent him and the Shelby Superior Court. Special Judge Drury affirmed the mandate order and also ordered the Shelby County Council to pay the attorney representing Judge Tolen and the Superior Court the sum of $3,000, plus an additional $1,000, should the matter be appealed to this Court.

We have previously considered Trial Rule 60.5 certifications and established our guidelines for review of them. In *Vigo County Council v. Vigo Superior Court*, (1979) Ind., 397 N.E.2d 969, 970, we stated: "In a mandate action the issues for trial are whether the items mandated are reasonably necessary for the operation of the court and whether any specific, fiscal or other governmental interests are so severely and adversely affected [as] to require that the mandate order be set aside." It must also be shown that the regular judge first met with the county council, showed his need for the funds, and requested that they be furnished out of the county treasury. On appeal, the question presented to his Court is whether there was substantial evidence of probative value to sustain the decision of the trial court that the mandate funds were reasonably necessary for the operation of the court. *Hale v. Smith*, (1979) Ind., 390 N.E.2d 645; *State ex rel. Lake County Council v. Lake County Court*, (1977) 266 Ind. 318, 359 N.E.2d 918.

The evidence before Special Judge Drury showed that Judge Tolen appeared before the Shelby County Council more than once for the purpose of advising the Council concerning the salaries of these employees. He discussed with the Council the effect the new juvenile code would have on his employees' work load. Judge Tolen told the Council that the new code requires more steps to be taken in the handling of juvenile cases, and therefore requires additional work by all of the court's staff. The actual impact of these added duties could not be determined until there had been some experience working under the new code. The county budget for 1980, including the salaries of these employees, was approved prior to October 1, 1979, the effective date of the new juvenile code. Judge Tolen appeared at a meeting of the Shelby County Council on April 8, 1980, and discussed with the members his reasons for requesting salary increases for his staff. He presented to the comparative figures of payment for the same job categories in other counties, and the experience and ability of the assistant probation officers. Judge Tolen also reviewed with them the additional efforts required by the new juvenile code, including samples of the forms used in processing juvenile cases. The County Council tabled the matter for that meeting and ordered the Auditor to re-advertise for the May meeting.

Judge Tolen again appeared at the meeting of the Shelby County Council on May 13, 1980, and again requested the additional appropriations that he presented at the April meeting. After a general discussion, the County Council disallowed the request. On May 15, 1980, Judge Tolen issued the mandate in question and, pursuant to Trial Rule 60.5, the Council and the Auditor moved for a change of judge. Judge Ronald E. Drury, regular judge of the Boone Circuit Court, was appointed as special judge and tried the cause. The Auditor of Shelby County testified at trial that Shelby County had paid out more money in the last three years than it received in taxes so that the general fund balance, from which additional appropriations can be paid, had been reduced by approximately two-thirds. He testified that the present balance for the

county was less than one-half of the total budget for the Shelby Superior Court for the calendar year 1980. The Auditor further testified, however, that the funds requested by Judge Tolen would not cause Shelby County to reduce or drop any services, nor would the amount requested, if granted, have the effect of bankrupting the county.

There was evidence from which the trial court could find that assistant probation officers in Shelby County were the lowest paid of any such officers in counties surrounding Marion County. Additional testimony and documentary evidence tended to show that the new juvenile code required many additional forms and greater duties of the entire court staff, including those employees named in the mandate order. Further evidence showed that the workload in juvenile matters in Shelby County exceeded that of any other court in counties surrounding Marion County. There was also evidence which revealed the high qualifications of the two assistant probation officers, including evidence that they had achieved two of the highest scores ever reported on their probation officer's qualifications test.

■ We conclude, therefore, that there was substantial evidence of probative value from which the special judge could find that the trial judge did meet with the county council prior to issuing the mandate, that no specific fiscal or other governmental interest would be so severely and adversely affected as to require the mandate to be set aside, and that the items mandated were reasonably necessary for the operation of the court. The special judge weighed all the evidence and judged the credibility of the witnesses. We would set aside his conclusions as to these facts only where the evidence is without conflict and points unerringly to the opposite conclusion. *Vigo County Council v. Vigo Superior Court, supra; Carroll v. State,* (1976) 265 Ind. 423, 355 N.E.2d 408; *Hale v. Smith, supra.*

■ The additional issue raised by the Council and the Auditor here questions whether the regular judge may retain counsel and take an active part in the proceedings. We disposed of this question in *Hale v. Smith, supra.* Justice DeBruler, speaking for a unanimous Court, stated: "In the case at bar, Judge Smith issued the mandate in his official capacity and not for his own pecuniary reward, but for the purpose of meeting the operational needs of the Sullivan County Court. The court reporter and bailiff are to receive the salaries, and the Sullivan County judicial system will reap the benefits thereby. In light of this, this court proceeding is properly to be viewed for these purposes as a dispute between arms of the county government and in court both are appropriately to be represented by counsel and the fees of such counsel shall be paid for by the county." Ind., 390 N.E.2d at 648. The judge of a trial court is the officer commissioned to preside over and manage that office. He is the one charged with the duty of seeing that the court is properly run, and the one most knowledgeable of its needs and requirements. After the change of judge motion was filed, Judge Tolen made entries on the records of the Shelby Superior Court showing the change of judge, his appointment of counsel to represent himself and the Superior Court, and only such other entries as were administrative in nature and established a record of these transactions. In conjunction with his counsel, Tolen then testified as a witness in the trial and caused briefs to be filed in defense of his actions. The special judge treated Tolen as an interested party in the "lawsuit," in the same manner that the County Council and the Auditor were treated. We find this to be proper activity of the regular judge under Trial Rule 60.5; Judge Drury properly recognized Judge Tolen in this posture and properly ordered the payment of the attorneys fees.

Special Judge Drury found that the order of mandate to the Shelby County Council and the Auditor of Shelby County was fair and reasonable, that there is a need for the funds requested, that the items mandated are reasonably necessary for the operation of the court, and that there is no specific

fiscal or other governmental interest so severely and adversely affected as to require the mandate order to be set aside. The order further required the necessary funds to be appropriated for payment of said sums and ordered an appropriation of funds sufficient to pay the attorneys fees for the representation of the regular judge and the Shelby Superior Court. The findings and conclusions of Special Judge Drury are approved and the judgment as written is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.