### In re the Matter of the APPROPRIATION OF FUNDS FOR the CASS SUPERIOR COURT FOR 1982.

### No. 482S130.

Supreme Court of Indiana.

July 12, 1982.

John O'Neill, Logansport, for Cass County Council.

Frederick L. Bowyer, Logansport, court com'r, for Cass Superior Court.

DeBRULER, Justice.

This is an appeal pursuant to Ind.R.Tr.P. 60.5 from a judgment of the Cass Superior Court, the Honorable Thomas G. Wright, Special Judge by appointment of this Court. Judge Wright in the judgment set aside a mandate order of the Honorable Mark Y. Brown, regular judge of the Cass Superior Court.

At the threshold of this matter Judge Brown through the Court Commissioner, Frederick L. Bowyer, filed a petition in this Court to review the decision of the special judge. That petition was opposed by the Cass County Council. Upon consideration of these two pleadings it became manifest that Trial Rule 60.5 does not contemplate a review of a judgment of the sort involved here, since it relieved the County Council of appropriating the disputed amounts rather than requiring such amounts to be appropriated. Upon consideration of this apparent lacuna in the rule, this Court nevertheless concluded and ordered that it should be reviewed. This decision was based upon two considerations: first, that the public interest served by the mandate authority is profound, being the interest in open and functioning courts, and second, that to refuse to review the order would imperil the objectivity of the trial process by applying a subtle pressure on special judges operating under the rule to approve the mandate orders before them.

The issues before a special judge in a case such as this are "whether the items mandated are reasonably necessary for the operation of the court, and if so, whether any specific fiscal or other governmental interests are adversely affected by the mandate order to such a degree as to require that such orders be set aside or modified." *State ex rel. Lake County Council, Relator v. Lake County Court et al.,* (1977) 266 Ind. 25, 359 N.E.2d 918. The judgment here was that the mandate order be set aside because of the insufficiency of evidence to support it. The standard of review to be applied by this Court when the mandate order is set aside has not previous-

ly been established. We conclude that the question presented to this Court should not be decided according to the standard test applicable in civil cases when reviewing a negative finding and judgment, in light of the close and special relationship which this Court bears to the trial courts of the state, the profound interest of the public in open and functioning courts, and this Court's special knowledge of the area. Here, as in situations where we review the findings of our own hearing officers, we may to a limited degree weigh and evaluate opposing evidence and inferences in determining whether the evidence should lead to a conclusion opposite to that reached by the official conducting the hearing or trial.

■ The crux of the mandate order below was the requirement that the Council pay greater salaries for court employees and officials, than those approved and appropriated. The mandate order involved the salaries of the court reporter, court secretary, small claims clerk, bailiff, part-time bailiff, probation officer, and monies to pay part-time help, summer assistants and over-time. Unaffected by the mandate order were salaries for the court commissioner, probation secretary, and monies to pay for order book preparation. The additional annual amounts ordered paid to these employees and officials ranged from $75 to $3000. The order also required the appropriation of additional monies for telephone, supplies, carpet cleaning, office machines and a lock on a door. Under the provisions made by the Council for funding the court personnel, only the money for part-time help, summer assistants, and over-time was totally disallowed.

At the hearing the efforts made to substantiate the opposing viewpoints were prodigious, and consisted, in addition to oral testimony, of volumes of pertinent materials revealing the comparable salaries of court employees in other counties, and the large and continually increasing caseload being handled by the Cass Superior Court. The special judge accorded this showing its clear and unmistakable force, that is, that the salaries of court employees in Cass County are among the lowest in the State and that the workload of the court is high, and concluded that the amounts ordered paid by the regular judge were within the bounds of reason. However, he did not give like effect to that evidence in its propensity to show a reasonable necessity for the additional amounts.

The judge testified at length and was of the opinion that the salaries he ordered paid were reasonably necessary for the proper operation of the court. This opinion was based upon comparable salaries in other counties being greater and in the increasing workload being handled by his employees. There was, on the other hand, evidence that all court personnel did receive some increase in salary for 1982 and in the case of the court reporter the countervailing fact that she was due to receive an additional sum of $1500 per year for preparation of the order book. There was also testimony that clerks in the office of the Clerk of the Court were doing some work normally assigned to court employees. It was also established that the position of small claims clerk was a new one, first created in the spring of 1981 with the approval of the council of the court's special request based upon increasing workload.

Notably absent from the evidence tending to support the issuance of the mandate order is a showing that critical problems face the judge in the administration of his personnel, because of the inadequacy of the salaries enjoined by the Council. The judge testified that his employees were deserving of the increases he ordered, and that his court would run more smoothly with them in place. The employees themselves testified that they would be happy to receive the increases. There is a paucity of fact here, however from which one could infer that a clear and present danger existed that the court could not continue to function at a reasonable rate and in a dutiful manner unless salaries be increased in accordance with the mandate order for 1982, the year in question. That insufficiency is dispositive in the court's record.

The evidence further reveals with regard to the cleaning and revision of the court facilities that no request had been made to the county for this work to be done by available personnel. The evidence was likewise insufficient in its tendency to convince that office machines costing an additional $2500 were necessary. Additionally there was money for uses such as these, which while smaller than the amount requested was nevertheless available and not yet spent.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.