**Irene H. KRAMER, Auditor of Hancock County, Appellant,**

v.

**The HANCOCK COUNTY COURT, Appellee.**

No. 283S75.

Supreme Court of Indiana.

June 1, 1983.

 

Frank E. Spencer, Indianapolis, for appellant.

James L. Brand, Eric N. Allen, Greenfield, for appellee.

DeBRULER, Justice.

This case was originally initiated in the Hancock County Court, when the county auditor, Irene Kramer, filed a petition for trial on mandate of funds pursuant to provisions of Ind.R.Tr.P. 60.5. The petition was in response to an order of the Honorable John R. Hill, Judge of the Hancock County Court requiring three court employees to be paid salaries exceeding in aggregate the annual sums for those employees approved by the county by $1,240.00. A trial before the Honorable Robert L. Barnet, appointed by this Court, resulted in a mandate order, requiring such additional amounts together with $3,300.00 for the court's attorneys to be paid.

Due to the fact that neither the petitioner nor the respondent waived review by this Court, Judge Barnet certified the record of the proceedings here. Trial Rule 60.5. In the case of *State ex rel. Lake County Council, Relator v. Lake County Court et al.,* (1977) 266 Ind. 25, 359 N.E.2d 918 we held that the law requires the judge hearing a case of this nature to determine if items mandated are reasonably necessary to the operation of the court and whether they impact adversely upon any specific governmental interests. Most recently, in *In Re Cass Superior Court,* (1982) Ind., 436 N.E.2d 1131, 1133, we added that the "reasonably necessary" test could be met by evidence from which this Court could infer that a clear and present danger existed that the court could not continue to operate at a reasonable rate and in a dutiful manner unless the court received the monies mandated.

The record discloses that the three employees, the reporter, bailiff, and probation officer, were court employees who fall within that category subject to court mandate authority. *State ex rel. Adams Circuit Court v. Adams County Council,* (1980) Ind., 413 N.E.2d 905. The additional amounts ordered paid to them were sought to be supported by evidence of salaries paid to like officials in comparable courts, and by evidence of instances in which the court encountered difficulties in hiring and retaining persons to fulfill necessary court functions with resultant disruption of court functions. There was no evidence which tended to prove a substantial negative impact on any county governmental interests. The sums involved were modest.

From the record we are convinced that the special judge was correct in reaching his conclusions and we are also convinced that the regular judge had been required to act, and to order these amounts, to ward off a clear and present danger to the proper function of the court.

In *Hale v. Smith,* (1979) Ind., 390 N.E.2d 645, we held that the burdens of litigation cast upon the regular judge of a court when his mandate order is subject to a petition as in the case at bar warrant the employment by the court of counsel, and that the judge presiding over the trial of the issues raised by the petition may order such counsel to be paid a reasonable fee. Here, the amount ordered paid to such counsel is greater than the amount of money at stake at the trial. Such fact however does not render the fee unreasonable if it is justified by necessary work done. At stake also is the proper delivery of judicial services, a matter of considerable moment. Cf. *In Re Cass Superior Court, supra.* The record discloses that the court's counsel spent sixty-six hours in investigating, marshalling evidence, making discovery, preparing pleadings, preparing a complete and detailed trial brief, and in engaging in the trial. Twenty-three hours in addition thereto were spent by law clerks employed by counsel. They faced two continuances of trial, one at the request of the auditor's counsel, and one at the request of the court. They completed their task with the preparation of special findings of fact and conclusions of law. Close to ninety hours in all was spent in representing the court. The attorney fee is justified.

The judgment is affirmed.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., concurs and dissents with opinion.

PIVARNIK, Justice, concurring and dissenting.

I concur with the majority opinion that the mandate order entered by the Special Judge was proper. I would therefore vote to affirm the trial judge in reaching his conclusion that the Hancock County Judge had authority to mandate payment of the $1,240.00 to his employees as well as the need of the trial court to ward off a clear and present danger to the court's proper function.

I am concerned, however, about the amount of the attorney fees charged and ordered paid to the attorneys representing the trial judge in this mandate hearing. The attorney fees were almost three times the amount of payment mandated in the first place. This alone would not be evidence of impropriety if the work done would reasonably require the time and effort to justify such fees. I fail to see, however, how competent attorneys representing a trial judge in such a simple matter as this can justify nearly ninety (90) hours of work, requiring a fee of $3,300.00. The only support given by the attorneys for their fee is their own affidavit that the attorneys themselves spent sixty-six and one-half (66.5) hours in their efforts, and the clerks hired by them spent an additional twenty-three (23) hours.

As I interpret the record, the time in court actually presenting the issues covered only one day. Apparently we can presume, because the record does not show clearly, that nearly ninety (90) hours was spent preparing for that one day hearing. The records involved, showing the budget procedures and the operations of the court and its employees, are certainly very simple to obtain as they are present in the office and in the possession of the judge. Furthermore, the cause is tried by a trial judge who is very familiar with these matters and procedures since they are part of his daily concern. The only additional work I can see is the gathering of information from a half-dozen other auditors in the neighboring counties to obtain similar materials from them. The law involved in the subject is certainly not complex. The parties cite only a couple of cases and the law can be totally and clearly understood by an attorney familiarizing himself with these rather recent opinions, as was actually done by the attorneys here.

I realize it is difficult for us to put ourselves in the position of making factual judgments which conflict with those made by the trial judge; however, the majority opinion does hold that the attorney fees are reasonable and if we are going to do that,

then we are going to have to believe it is so. The taxpayers of the county will be required to pay these fees, as well as the $1,240.00 and all of the other salaries of the people employed by the courts. Courts, of course, should be required to pay a reasonable fee for lawyers who perform services in their behalf. This whole lawsuit however, involves a question of whether $1,240.00 was a reasonable amount to be paid for services of court employees and I think our responsibilities require us to equally scrutinize attorney fees that I find to be unreasonable. I, therefore, would dissent to approval of the amount of attorney fees and remand that issue to the trial court to hear further evidence on the subject and set a reasonable fee for the work performed by the attorneys.