The Honorable Karl OVERBECK, Judge of the White Circuit Court, Appellant,

v.

Kathy A. BARTON, Auditor of White County, White County Commissioners and White County Council, Appellees.

No. 984S366.

Supreme Court of Indiana.

Dec. 19, 1984.

Donald K. Blair, Monticello, for appellant.

John F. Goss, Monticello, for appellees.

## DeBRULER, Justice.

This proceeding was commenced in the White Circuit Court on September 23, 1983, when the White County Auditor, Commissioners, and County Council filed a petition for a trial on the merits of a mandate order pursuant to Ind.R.Tr.P. 60.5. The order which was the subject of the petition was made by the Honorable Karl Overbeck, Judge of the White Circuit Court and it required the petitioners to take the steps necessary to pay court employees an aggregate additional sum for salaries for the year 1984 amounting to $4,951.00 beyond that approved by the county. A trial was conducted before the Honorable Marvin D. McLaughlin who was appointed for such role by this Court. A decree was entered approving an aggregate additional sum of $4,010.00, together with reasonable attorney fees.

 Neither side waived review of the decree and therefore pursuant to the rule the certified record is before us for such purpose. It may not be overlooked at the outset of a case such as this that our system of government does not repose the authority in judges to set salaries for court officials and employees. That duty and responsibility is with others. Such authority arises in a court and may be exercised only when it becomes reasonably necessary to the operation of the court. *Kramer v. Hancock County Court*, (1983) Ind., 448 N.E.2d 1190. In exercising such extraordinary authority, due and full consideration must be given to the possible adverse impact upon any specific governmental interests. *State ex rel. Lake County Council v. Lake County Court et al.*, (1977) 266 Ind. 25, 359 N.E.2d 918. On review of a decree the evidence must support the inference that a clear and present danger existed that the court could not continue to operate at a reasonable rate and in a dutiful manner unless the court received the monies mandated. *In Re Cass Superior Court*, (1982) Ind., 436 N.E.2d 1131.

 The special judge decreed the additional salaries for the bailiff, probation officer, and assistant probation officer, but was unable to find justification for increasing the court reporter's salary meeting the "reasonably necessary" test. The mandate order would have placed the reporter above all other reporters in the region while the present salary for the position is second highest. Evidence of responsibilities warranting that treatment did not clearly preponderate. The others present on the other hand what might be termed "special instance" people. Here the bailiff remains after mandate at an extremely low rate vis-a-vis others of comparable responsibility, and the probation officer is replaceable by a new employee having significant additional qualifications required by law and therefore having a just demand for a salary higher than the one mandated. We regard the negative view of the modest salary increases sought for these "special instance" people to be such as to increase the difficulties with their superintendence and to enhance the risk of disruption of court functions.

From the record, including in addition to the above, the fact found that there will be no substantial negative impact upon any county governmental interests, we are convinced that the special judge reached the correct result, and that the action of the regular judge was reasonably necessary to the operation of the court he serves.

The decree is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.