**BOARD OF COMMISSIONERS OF
CRAWFORD COUNTY,
Indiana, Relators,**

v.

**The Honorable Jack L. RIDDLE, Judge
of Crawford Circuit Court, Respondent.**

No. 13S00–8605–MF–455.

Supreme Court of Indiana.

June 3, 1986.

Rehearing Denied Aug. 14, 1986.

Marcus M. Burgher, III, K. Lynn Lopp, Elizabeth W. Hammond, Luckett, Burgher & Lopp, English, for relators.

H. Lloyd Whitis, Corydon, for respondent.

PIVARNIK, Justice.

This case comes to us on an automatic review pursuant to Ind.R.Tr.P. 60.5, concerning the mandate of funds. A trial was had, pursuant to that rule, at which Special Judge Linda L. Chezem found adverse to Relator, and upheld Respondent's Order of Mandate.

The Crawford Circuit Court was established effective January 1, 1986, as the Seventy-Seventh Judicial Circuit Court of the State of Indiana. Respondent Judge Jack L. Riddle has met with Relator Board of Commissioners on a number of occasions, to explain the court's needs and functions. At some point during those meetings, Relator ordered the Clerk of the Circuit Court to temporarily vacate the area of the Clerk's office commonly referred to as "Room 7," used by the Clerk for the Traffic Violation Bureau, in order to allow the Crawford County Department of Welfare to use the room until other space could be found for the Department of Welfare. The Circuit Court accepted the order, despite the fact that the Clerk had used the room since 1976. Both parties concede the Circuit Court has statutory authority to establish a Traffic Violation Bureau pursuant to Ind.Code § 34-4-32-5, and that such bureau is a necessary function of the Crawford Circuit Court.

Pursuant to these facts, on February 3, 1986, Respondent ordered Relator to provide space for the Traffic Violation Bureau, and to direct the Department of Public Welfare to immediately vacate Room 7. On February 7, 1984, Relator requested a trial pursuant to Ind.R.Tr.P. 60.5, setting out the following issues:

1. whether Respondent acted within the scope and procedures of Ind.R.Tr.P. 605;

2. whether Respondent has authority to order Relator, *via* mandate, to provide specific office space for the Clerk, and to order the Welfare Department to vacate certain office space; and

3. whether Respondent acted arbitrarily and capriciously.

On April 28, 1986, Special Judge Linda L. Chezem upheld the Order of Mandate providing Relator to direct the Welfare Department to vacate Room 7 and to allow the Circuit Court Clerk to perform her duties in that room. Judge Chezem found that Respondent had met with Relators; that the Clerk is unable to perform her duties due to inadequate space; that the use of Room 7 is necessary for the Clerk to fulfill her responsibilities, including the operation of the Traffic Violations Bureau; and that Relators failed to show the mandate would cause any excessively adverse effect on any interest of the County. Judge Chezem further pointed out that pursuant to House Enrolled Act No. 1085 (1986), as of December 31, 1986, Crawford County will no longer be required to provide the Welfare Department with office space.

Ind.R.Tr.P. 60.5 states: "Courts shall limit their requests for funds to those which are reasonably necessary for the operation of the Court, *or court related functions*" (emphasis added). The procedure under this trial rule requires the court to meet with the mandated party to demonstrate the need for the funds. The court must then issue an order upon the party to show cause why such an appropriation should not be made. Respondent fully complied with this procedure. A trial was held, also pursuant to Ind.R.Tr.P. 60.5, at which the special judge entered the above-stated findings in upholding the Order of Mandate.

Relator contends the present mandate is without the scope of Ind.R.Tr.P. 60.5 because it does not specifically seek "funds." This contention is without merit. Our case law illustrates that Ind.R.Tr.P. 60.5 applies to mandates in addition to those specifically for "funds." *See Generally, Board of Commissioners of Vigo County v. Stout Et Al.* (1893), 136 Ind. 53, 35 N.E. 683 (Circuit court was allowed to mandate the mode of operation of the courthouse elevator).

Here, as in *Stout*, the aggrieved party is the Circuit Court. In *Stout*, we explained: "The 'courthouse' is chiefly for the use of the court, the remaining uses being subordinate, and to a great extent incidental." *Id.*, 136 Ind. at 57–58, 35 N.E. at 685. We further held that control of county property is generally confided to the Board of Commissioners; however, in controlling such, the Commissioners have a duty to not act arbitrarily. Disregard of such trust gives the aggrieved party a right to resort to the court for remedy. *Id.*

The basic issue in the present case, is which entity will get to use Room 7 of the Crawford County Courthouse: the Clerk's office, or the Department of Public Welfare. While the latter no doubt is a noble and important governmental entity, it is not a branch of the court, nor is there any reason for it to be located physically close to the court. The Clerk, on the other hand, acts as a ministerial officer of the Court. Although not a judicial officer, the office of Circuit Court Clerk is created and abolished with the court it serves. Its duties are inextricably intertwined with the work of the Circuit Court. There are ample practical reasons why the Clerk needs to be located physically close to the court it serves.

This is not a case where a court has needlessly taken over more space than it could use. Rather, the Crawford Circuit Court is simply attempting to maintain control over a 206 square foot room which it has used for the past ten years. The entire Clerk's office is only 31′ 10″ × 16′ 6″, roughly 528 square feet, including the disputed Room 7. Without Room 7, the Clerk's office is left with 19′ 5″ × 16′ 6″, only 322 square feet, in which to carry out all of its court-related duties, including the operation of the Traffic Violations Bureau.

A court of general jurisdiction cannot be controlled, directed, or impeded in its functions by any other department of government. *Id.* at 136 Ind. at 59, 35 N.E. at 685. The continued use of Room 7 is necessary for the Crawford Circuit Court to carry out its functions. Respondent acted properly in this case.

■ Relator's allegation that the mandate was arbitrary and capricious also must fail. Such an allegation misstates the standard of review to be applied. The issue is not whether the mandate is arbitrary and capricious, but rather, whether the mandate is reasonably necessary for the operation of the court or court related functions, and if so, whether the mandate adversely affects any governmental interest. *State Ex Rel. Lake County Council v. Lake County Court* (1977), 266 Ind. 25, 28, 359 N.E.2d 918, 920; Ind.R.Tr.P. 60.5. The evidence in support of Judge Chezem's finding includes stipulations that the Traffic Violations Bureau is a necessary function of the Crawford Circuit Court, and that the Clerk's office has utilized Room 7 since 1976. Furthermore, as of December 3, 1986, Crawford County no longer will be responsible for providing space for the Department of Public Welfare. On the other hand, the Traffic Violation Bureau and Clerk's office will remain an integral part of the court. Respondent has shown that continued use of Room 7 is reasonably necessary for the operation of the Crawford Circuit Court, and Relator has failed to show any adverse effect on the Department of Public Welfare or any other governmental interest.

The Writ is made permanent.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.