In re the MANDATE OF FUNDS FOR the RIPLEY CIRCUIT COURT.

No. 69S00–8606–MF–605.

Supreme Court of Indiana.

July 21, 1986.

Douglas C. Wilson, Greeman, Kellerman & Wilson, Batesville, for County Council.

Thomas A. Casey, Dunbar, Casey & Hillis, Indianapolis, for Circuit Court.

SHEPARD, Justice.

The Ripley Circuit Court, Honorable Denver Gay, Judge, appointed Bradley Kage to act as small claims referee on May 10, 1985. The Court issued an order of mandate requiring the Ripley County Council to appropriate the funds necessary for its share of the salary, which it declined to do.

Acting under the provisions of Ind. Rules of Trial Procedure, Rule 60.5, this Court appointed the Honorable Linda L. Chezem as special judge of the Ripley Circuit Court to conduct a trial on the merits of the

mandate order. She affirmed the appointment of a referee but modified the salary which had been set. Our rules provide that unless the County Council waives its right to review, we will review the action of the special judge.

The issue before a special judge hearing a mandate case is "whether the items mandated are reasonably necessary for the operation of the court, and if so, whether any specific fiscal or other governmental interests are adversely affected by the mandate order to such a degree as to require that such orders be set aside or modified." *Lake County Council v. Lake County Court, et al.* (1977), 266 Ind. 25, 28, 359 N.E.2d 918, 920.

█ The trial before the special judge is a trial on the merits, and our standard for reviewing an order upholding the mandate is similar to that used in civil appeals. We generally do not reevaluate the evidence and will affirm the action of the special judge if there is substantial evidence of probative value to sustain it. *Hale v. Smith* (1979), 271 Ind. 92, 390 N.E.2d 645. *But see Matter of Appropriation of Funds for the Cass Superior Court* (1982), Ind., 436 N.E.2d 1131.

The mandate order issued by Judge Gay provided that the referee would serve part-time at the rate of $20,000 per year commencing May 10, 1985. A second order made similar provision for 1986. Special Judge Chezem found that Judge Gay had met with the Council to explain the need for the funds before issuing the mandate. She also found that payment of the County's share of the funds would not cause any undue, adverse fiscal impact upon the County. Finally, she concluded that the caseload in the Ripley Circuit Court was such that the appointment of a referee was reasonably necessary, noting that the Ripley Circuit Court is the only court of record in the county. However, Judge Chezem concluded that a reasonable salary for referee was $10,000 per year and modified the order to set the salary at that rate.

The need to grant specific authority to the circuit courts to appoint referees for small claims cases arose when the General Assembly abolished all the township justices of the peace in 1975. This Court confirmed this authority during the reorganization of the trial courts which occurred at that time. *Matter of Public Law No. 305 and Public Law No. 309* (1975), 263 Ind. 506, 334 N.E.2d 659.

The authority of the circuit courts to appoint referees to hear small claims cases is reflected in Ind. Rules for Small Claims, Rule 14:

In any circuit court exercising small claims jurisdiction, the circuit judge may appoint a referee to assist the court in performing the 'county court functions.' Such referee shall be an attorney admitted to practice in Indiana and shall serve at the pleasure of the circuit judge. He shall have such authority as the circuit judge shall assign by order. The referee shall be a finder of fact—the decision rendered will be that of the circuit judge. Such referee shall be paid reasonable compensation, including a mileage allowance to be determined by the appointing circuit court judge; the amount so authorized to be paid shall be distributed between the state and the county in the same proportion as that provided for county court judges.

█ The evidence at trial showed the circuit court to be the only court in the county. Unlike its surrounding counties, Ripley has no county court to hear small claims and other matters. Attorneys who practice in Ripley Circuit Court testified about the delays which occurred there before the appointment of the referee and called the schedule "unworkable." There was testimony by the court reporter that the lead time required to schedule a matter on the docket was about one-third what it would be without the referee. This evidence was adequate to sustain the special judge's conclusion that a referee is a necessary addition to the court.

█ The weight of the evidence presented during trial indicates that employment of a referee will not adversely affect other

government services. While the County Council did suggest that payment of a referee would impact in other areas, the testimony did not specify what this impact would be. The county's budget constraints were highlighted in testimony by the county auditor. As a result of a low balance in its general fund, the county may be forced to use federal revenue sharing funds to finance the payroll. The county council president indicated that such a maneuver would impact on "roads ... and other county services." However, no evidence was presented to show that the payment of a referee was the primary cause of this financial hardship. The rest of the testimony lacked further evidence of any negative impact on the county that would be independently caused by the employment of a referee.

While the County Council has not filed any objections to Judge Chezem's judgment or any brief in this Court, counsel for Judge Gay assigns two errors.

First, he alleges that the special judge erred by modifying the original order. He argues that the question before her was whether to affirm or vacate the mandate and that she was without authority to review the reasonableness of the compensation. However, the record reveals that counsel told the special judge that one of the issues in the trial was proper pay for the referee.

■ The judge appointed to preside in a mandate case is authorized to affirm, vacate, or modify the original order. *Lake County Council v. Lake County Court, supra.* In reviewing the importance of the fiscal integrity of the judiciary, Chief Justice Givan has noted:

> We do not read these authorities as giving courts carte blanche to mandate funds for salaries and expenses of operation. The judiciary may mandate only an amount necessary for the operation of the courts.

*Vigo County Council v. Vigo Superior Court* (1979), 272 Ind. 344, 397 N.E.2d 969, 970–971.

■ The Chief Justice noted in *Vigo County Council* that mandates concerning salaries are appropriate "so long as such salaries are not excessive and are commensurate with comparable positions in the private and public sector." *Id.,* 397 N.E.2d, at 972. In the case at bar, the special judge compared the work being done by the referee to the pay scale of county court judges as set by the legislature. This was an appropriate comparison. The special judge was charged with reviewing the reasonableness of all aspects of the mandate and there is substantial evidence to support her findings.

Counsel for Judge Gay also finds error in the failure of the special judge to order that Ripley County appropriate funds to pay his fees for representing the Circuit Court in these proceedings. Counsel filed a written request for fees and offered evidence at trial on what a reasonable fee would be.

The petitioner in a mandate action is generally not entitled to recover attorney fees; in most cases, the benefit of the mandate inures to the private, pecuniary benefit of the petitioner. A mandate action initiated by a court is an exception to this rule:

> [W]here the judge institutes the action in his official capacity, not for his personal pecuniary reward, but for the purpose of meeting the operational needs of the court, a reasonable attorney fee must be paid by the county.

*Stanley Levco, Judge v. Auditor of State* (1979), 271 Ind. 415, 393 N.E.2d 749, 750–751.

■ Thus, counsel for the Ripley Circuit Court is entitled to be paid for his representation of the court in these proceedings. This will require further action by the special judge to set the actual dollar value of these services. *Hale v. Smith, supra.*

We affirm the order of the special judge and remand this cause to her for the purpose of determining the attorney fees which should be paid.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.