**Nicholas J. SCHIRALLI, Judge Lake County Court, Division I**

v.

**LAKE COUNTY COUNCIL OF LAKE COUNTY, Indiana.**

**No. 45S00–8701–MF–21.**

Supreme Court of Indiana.

March 9, 1987.

Ray L. Szarmach, East Chicago, for Lake County.

Max Cohen, Merrillville, for Schiralli.

DICKSON, Justice.

This is an appeal pursuant to T.R. 60.5 of the Indiana Rules of Procedure from a judgment of the Lake County Court, Division I, the Honorable Donald P. Martin, Special Judge by appointment of this Court. Judge Martin entered a judgment subject to our review, modifying an Order for Mandate of Funds issued by Judge Nicholas J. Schiralli, regular judge of Lake County Court, Division I.

Judge Schiralli's court was originally designated to sit in Gary, Indiana, and established primarily as a forum to litigate civil cases. Divisions II and III of the Lake County Court were designated to sit in Crown Point, Indiana. Due to the substantial caseloads in Divisions II and III, the Chief Justice in February, 1978, ordered Judge Schiralli to sit in Crown Point at least two days per week to assist in handling the substantial backlog of cases. In January, 1979, Judge James J. Richards, then Chief Judge of the Lake Superior Court, ordered that effective February 1, 1979, the county clerk was to assign twenty percent of all traffic and misdemeanor cases to Judge Schiralli's court in Crown Point. In July, 1979, Judge James Danikolas, who had since succeeded Judge Richards as Chief Judge, implemented a new plan calling for an equal distribution of cases between Divisions I, II, and III. Thus, the Division I court currently handles a comparable number of cases to Divisions II and III, yet maintains the satellite civil division in Gary. Although the Gary court is only in session on Mondays and Tuesdays and the first Wednesday of every month, both Division I facilities remain open five days per week. Therefore some staff members are assigned to each location on a full time basis, and others are required to divide their working hours as necessary between the two locations.

In August, 1986, the Lake County Council approved a budget which called for the elimination of four job positions in the Division I court effective December 9, 1986. Judge Schiralli maintained that those four positions were reasonably necessary for the continued operation of the court. Thus, pursuant to T.R. 60.5, he issued an Order for Mandate of Funds directed to the Lake County Council to show cause why an appropriation for salaries to maintain the four positions should not be made. This Court appointed Judge Martin as special judge to conduct a trial on the merits of the mandate order. Following a two day trial in late December, 1986, Judge Martin found that only two of the positions in question were reasonably necessary for the operation of the Division I court and that the other two positions were justifiably eliminated by the Council. Judge Martin's order would require the Lake County Council to reinstate two of the positions at a salary of not less than $20,000.00 per year.

The issue before a special judge in such a case is "whether the items mandated are reasonably necessary for the operation of the court, and if so, whether any specific fiscal or other governmental interests are adversely affected by the mandate order to such a degree as to require that such orders be set aside or modified." *State ex rel. Lake County Council v. Lake County Court et al.* (1977), 266 Ind. 25, 28, 359 N.E.2d 918, 920. We generally do not

reevaluate the evidence and will affirm the action of the special judge if there is substantial evidence of probative value to sustain it. *In re Mandate of Funds for Ripley Circuit Court* (1986), Ind., 495 N.E.2d 696. However, we have noted that because of "the close and special relationship which this Court bears to the trial courts of the State, the profound interest of the public in open and functioning courts, and this Court's special knowledge of the area," we may choose to weigh and evaluate opposing evidence and inferences in our review of the conclusion of the special judge. *In re Appropriation of Funds for Cass Superior Court* (1982), Ind., 436 N.E.2d 1131, 1133. Such weighing and evaluating is not necessary or appropriate in the present case.

■ A review of the evidence discloses that the simultaneous elimination of all four staff positions had a significant detrimental impact on the overall efficiency of the Division I courts in both Gary and Crown Point. The Chief Court Administrator testified that elimination of the four positions has resulted in substantial overtime work for remaining employees. He also noted that the court had no available funds for paying overtime compensation, and that compensatory time off may be required at some point in the future, thereby compounding the problem. Other testimony revealed the substantial slowdown in the processing of paperwork, and Judge Schiralli testified that the increasing backlog of cases has forced him to order the Gary civil division court to refuse to accept any further civil case filings until the backlog is brought back to a manageable level.

The four positions in question were those of Court Coordinator, Assistant Case Supervisor, Office Manager, and a third Court Reporter. Judge Martin found that the first two were reasonably necessary to the operation of the court, and the second two were not. Looking specifically to the evidence supporting Judge Martin's findings, we find it adequate to sustain the judgment.

Judge Schiralli intimated on cross-examination that the Court Coordinator and As-

sistant Case Supervisor positions were the most vital to the continued operation of Division I. This corresponds with the job descriptions proffered at trial. The Court Coordinator has numerous administrative duties and primary responsibility in the areas of personnel records and statistics, filling in for any absent staff employees, payroll, purchase orders, supervising computer entries, budget forecasting, and creating and filing numerous reports with the various state and local agencies. The Assistant Case Supervisor fulfills many of the mechanical functions necessary to expediting the maximum number of cases in the time allowed. Responsibilities include compiling data and filing quarterly probation reports, setting trial and hearing dates, assisting in the courtroom and tracking the current and subsequent disposition of matters directly related to the cases handled in both Gary and Crown Point.

Conversely, there is evidence tending to show that the responsibilities of the Office Manager overlap to a large degree with the responsibilities of other staff members, rendering the necessity of the position questionable. The necessity of maintaining the Court Reporter position is also disputable. In light of the fact that two full time court reporters remained on the staff, we are not compelled to disturb Judge Martin's finding that the eliminated position was not reasonably necessary for the court's operation.

■ Likewise, we do not disturb Judge Martin's conclusion that the adverse effect on the Lake County budget does not outweigh the necessity for reinstating the positions of Court Coordinator and Assistant Case Supervisor. We are sensitive to the dilemma facing those responsible for formulating a strict budget and appropriating such limited funds, and we are cognizant of the Lake County Council's concern for establishing a uniform budget for all three divisions of their county court system. Nevertheless, the allocation of funds equally to all three divisions ignores the reality of the additional expenses incurred by Division I as a result of maintaining a satellite court in Gary. We express no opinion on

the desirability of maintaining the Gary civil court as the issue is not before us. However, we concur with the special judge that uniformity of appropriation cannot be properly attained by crippling an existing court.

In light of the foregoing, the judgment is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.