**In re MANDATE OF FUNDS FOR the BROWN CIRCUIT COURT.**

No. 07S00–8702–MF–177.

Supreme Court of Indiana.

May 22, 1987.

David T. Woods, Brown County Atty., Nashville, for the County Council.

John M. Plummer, Jr., Bedford, for the Circuit Court.

SHEPARD, Chief Justice.

In 1979, the Brown Circuit Court, the Honorable Samuel R. Rosen, Judge, appointed a referee to assist with the special caseload generated by Brown County's large tourist trade. The referee hears misdemeanors, class D felonies, small claims, and some juvenile cases. He shares the space and accommodations of the circuit judge, the bailiff, the court reporters, the probation officer, and the pauper attorneys. The Brown Circuit Court is the only court in the county.

This system has operated efficiently for the last eight years. In 1986, however, the Judge and the County Council were unable to agree on salaries for the court staff for the coming year. As a result, Judge Rosen issued an order for mandate of funds establishing salaries for the court referee, the court reporters, the bailiff and the public defenders.

Pursuant to Trial Rule 60.5, Ind. Rules of Procedure, this Court appointed the Honorable Larry Greathouse as special judge of the Brown Circuit Court to conduct a trial on the merits of the mandate order. He affirmed the salary mandate. As the County Council has not waived its right to review, we will review the action of the special judge. Trial Rule 60.5(B).

The question in a mandate case is "whether the items mandated are reasonably necessary for the operation of the court, and if so, whether any specific fiscal or other governmental interests are adversely affected by the mandate order to such a degree as to require that such orders be set aside or modified." *Lake County Council v. Lake County Court, et al.* (1977), 266 Ind. 25, 28, 359 N.E.2d 918, 920. In reviewing an order upholding the mandate, we generally do not reevaluate the evidence and will affirm the action of the special judge if there is substantial evidence of probative value. However, the profound public interest in open and functioning courts and this Court's special knowledge of the area make it appropriate on occassion for us to weigh and evaluate the evidence in reviewing the conclusion of the special judge. *Schiralli v. Lake County Council* (1987), Ind., 504 N.E.2d 1020. Such evaluation is not necessary in this case.

Judge Rosen's budget request to the Brown County Council included a ten percent salary increase for his staff. The Council would agree to only a five percent increase for all county employees. The total amount in dispute from the county budget is $2,972. The special judge found that the amounts mandated by Judge Rosen are reasonable and necessary for the operation of the court and that the small amount involved would not have a serious and adverse effect on any specific fiscal or

other governmental interest of Brown County.

■ This conclusion is supported by the evidence presented at trial. Salary scales for comparably situated courts were introduced; they showed that salaries received by employees of those courts were comparable to or exceeded the salaries mandated for the Brown County employees. Additionally, salaries in contiguous counties and those within easy commuting distance were higher than the salaries of Brown Circuit Court employees. Judge Rosen feared the possibility of losing his efficient staff to the larger, surrounding communities. The salaries mandated by Judge Rosen were also reasonable in light of the duties performed by the staff and its experience and training. Mandates concerning salaries are appropriate "so long as such salaries are not excessive and are commensurate with comparable positions in the private and public sector." *Vigo County Council v. Vigo Superior Court* (1979), 272 Ind. 344, 348, 397 N.E.2d 969, 972.

The Auditor of Brown County testified that the $30,000 in unappropriated funds in the county budget would be unavailable to meet the additional salaries mandated because several previously existing commitments had been inadvertently omitted from the budgetary process. In fact, these additional commitments appear to be in excess of $50,000. These commitments were not known to the Council when Judge Rosen's salary requests were denied, and the small amount needed to meet the mandated funds is not a cause of the county's budgetary problems.

Moreover, the auditor indicated that additional funds might become available through revenue sharing or budget savings in other areas. He did not identify any specific area of county government which might be impacted by the additional $2972 salary payment, but stated that if the additional salaries are paid, "something else will have to be taken away." There is no evidence of any specific adverse impact on the county's interests which would be caused by the mandate.

The order of the special judge is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.