**MORGAN CIRCUIT COURT**

v.

**MORGAN COUNTY COUNCIL.**

**No. 55S00–8912–MF–891.**

Supreme Court of Indiana.

March 12, 1990.

DeBRULER, Justice.

This is a review of a judgment of the Morgan Circuit Court called for by Trial Rule 60.5. The judgment, rendered by the Honorable Robert L. Bennett, sitting as Special Judge pursuant to an appointment by this Court as required by the rule, affirmed in part and vacated in part an order for mandate of funds for salaries of court personnel.

The mandate order of the court which was the subject of the proceeding below enhanced the 1990 salaries of ten court employees working in the area of court services and probation and also enhanced the salary of the court reporter. The court reporter serves the Circuit Court, while the other ten employees serve all the courts in the county under a unified probation department. The judgment affirmed the order with respect to the salaries of probation workers, but vacated it with respect to the salary of the court reporter and required that she be paid in accordance with the salary ordinance adopted by the Morgan County Council. The judgment also ordered attorney fees for the court's counsel in the sum of six thousand dollars.

■ The general issue to be decided by a special judge in a proceeding under T.R. 60.5, the resolution of which this Court must review, is whether or not the funds ordered paid are reasonably necessary for the operation of the court and court-related functions, and whether any specific, fiscal or other governmental interests are so severely and adversely affected by the payment as to require the payment order to be set aside. *State ex rel. Lake County Council v. Lake County Court* (1977), 266 Ind. 25, 359 N.E.2d 918. Salaries of court employees fall with the mandate authority and may be ordered paid at a sufficient level to attract and retain qualified persons in service, *Vigo County Council v. Vigo Superior Court* (1979), 272 Ind. 344, 397 N.E.2d 969, as a court cannot function at a reasonable rate and in a dutiful manner without assisting staff. Salaries being paid for comparable positions in both the private and public sectors are relevant. The court need not wait to take action until the ability to operate has actually been impaired, but there must be a clear and present danger of impairment.

■ In reviewing a judgment upholding a mandate order, this Court does not ordinarily reevaluate the evidence, and we will affirm the judgment if there is substantial evidence of probative value. *In re Mandate of Funds for the Brown Circuit Court* (1987), Ind., 507 N.E.2d 583. However, the profound public interest in open and functioning courts and our special knowledge of trial court operations does render it rational for this Court to reserve to itself a measure of authority to weigh and evaluate the evidence in reviewing the judgment of the special judge. *Id.*

■ The complete and carefully written findings of the special judge made note of most of the following matters. The annual salaries mandated by the Circuit Court to be paid for the ten probation and special service positions exceeded in aggregate the amount ordered by the County Council in its ordinance by the sum of approximately twenty-one thousand dollars. With one exception, these individual salaries were consistent with the schedule of minimum salaries for probation officers, adopted by the Judicial Conference of Indiana in 1989 pursuant to the statutory authority reposed in that body by I.C. 11–13–1–8(a) and 11–13–1–1(c). The general review for substantial evidence is appropriately employed here with regard to the affirmance of the mandate of these enhanced salaries. Giving consideration to the nature of the duties of

these special service and probation personnel, the direct relationship which the services they perform and problems of overcrowding in prisons and jails, the special attributes which they must possess, together with the statewide salary guidelines adopted by the Judicial Conference pursuant to law, and the dearth of evidence of deleterious adverse impact, we find adequate support in the findings and the record for the judgment wherein it affirms the order mandating additional salary amounts for them.

■ The special judge did not affirm that part of the mandate order requiring an enhanced salary for the court reporter. Since the services of the court reporter are vital to the ability of a court to remain open and function properly, we deem it necessary to accord the findings and the evidence a measure of special scrutiny. The salary mandated by Circuit Court for the court reporter ($21,000) exceeded the salary ordered for that position by the County Council ($15,256) by five thousand dollars. The salary ordered by the Council ($15,256) exceeded the salary actually paid for 1989 ($14,524) by about seven hundred dollars. In 1989, the salary paid the court reporter was the lowest reported by the counties surrounding the metropolitan area of Indianapolis, some of which counties were larger in population and some smaller. The salaries of those reporters were greater by sums ranging from three hundred to four thousand dollars. The findings of the special judge noted greater and smaller court reporter salaries in contiguous counties, as well as greater salaries from comparable positions in state service in the appellate courts and in the private sector. The findings also contained reference to the record of the Council in consistently voting modest salary increases over the past several years for all of the positions listed in the mandate order and to the additional income of the court reporter from public and private sources for services with respect to change of venue cases and the preparation of transcripts. There was evidence presented that the court reporter presently serving the court was exceptionally capable, skilled, and loyal, and that she had a significant amount of experience in the position and had made serious inquiries regarding better paid employment opportunities outside the trial court.

The evidence in support of the need to enhance the salary of the court reporter by mandate, falls on both sides of the fence. The responsibilities of court reporters are considerable. The primary skills required of a court reporter are secretarial and court reporting. The court reporter for the Morgan Circuit Court was also employed to do reports, schedules, and monitor and maintain files. The requirement that a court reporter have highly developed administrative and supervisory skills or a higher general education is, however, minimal. It is not uncommon for court reporters to develop from first positions as competent law office secretaries. Reporters serving courts do develop more and greater skills than are required by their jobs, and thus become upwardly mobile in the work force. The dissatisfaction of the court reporter involved in this case with her salary level and the fear of the trial judge that he may lose her services are not without foundation. The additional amount of the enhancement required by the mandate, however, is a large one upon consideration of the salary and its history. This is not a case in which the salary had not been raised for a long time. The evidence of the salary level of court reporters and court secretaries in other counties, when considering the various factors affecting that level, places the salary chosen by the County Council in the lower part of the existing range, and not outside it.

Based upon the petition for review and its contentions, and the evidence of comparable salaries including the exhibit which was not given to the special judge when admitted into the evidence at the hearing, and thus not considered by him in arriving at his judgment, it is now concluded that the basis for the order with reference to the salary of the court reporter lacked that compelling quality showing a clear and present danger of an impairment of court function necessary for an exercise of the mandate authority. The findings and con-

clusions of Special Judge Bennett are approved and the judgment as written is affirmed. Because of the simplified and automatic nature of these review proceedings, the petition for additional attorney fees is denied.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

GIVAN, J., concurs in part. I would allow the requested additional attorney fees.