### In re the MANDATE OF FUNDS IN THE HARRISON SUPERIOR COURT.

No. 31S00–9611–MF–693.

Supreme Court of Indiana.

Dec. 30, 1996.

Gordon Ingle, Corydon, for Harrison County Council.

John R. Vissing,, Joni L. Grayson Jeffersonville, for Harrison Superior Court.

## MANDATE OF FUNDS

PER CURIAM.

The Harrison Superior Court, Honorable Carlton Sanders, Judge, sought to increase the salaries of five court employees by means of an Ind. Trial Rule 60.5 Order for Mandate of Funds. The Harrison County Council refused to appropriate the funds. Pursuant to T.R. 60.5(B), this Court appointed the Honorable Hugo C. Songer special judge to conduct a trial on the merits of the Order. Judge Songer issued his Findings of Fact, Conclusions of Law and Judgment, which sustained the Order for Mandate of Funds in part and overruled it in part. We affirm.

Unless waived by the parties, a judgment on an Order for Mandate of Funds is automatically reviewed by this Court. T.R. 60.5(B). In reviewing such a judgment, we do not ordinarily reevaluate the evidence and will affirm the action of the special judge if there is substantial evidence of probative value to support the judgment. *In re Mandate of Funds for the Brown Circuit Court*, 507 N.E.2d 583, 584 (Ind.1987). The profound public interest in open and functioning courts and this Court's expertise in the area make it appropriate on occasion for us to weigh and evaluate the evidence in reviewing the conclusion of the special judge. *Id.*

The general issue to be decided by a special judge in a proceeding under T.R. 60.5 is whether the funds ordered paid are reasonably necessary for the operation of the court and court-related functions, and whether any specific fiscal or other governmental interests are so severely and adversely affected by the payment as to require the payment order to be set aside. *Morgan*

*Circuit Court v. Morgan County Council,* 550 N.E.2d 1303, 1304 (Ind.1990). Salaries of court employees fall within the mandate authority of the court and may be ordered paid at a sufficient level to attract and retain qualified persons in service. *Id.* Salaries being paid for comparable positions in both the private and public sectors are relevant. The Court need not wait to take action until the ability to operate has actually been impaired, but there must be a clear and present danger of impairment. *Id.*

Judge Sanders' Mandate Order dated August 29, 1995 sought to compel the Harrison County Council to increase the salaries of the Court's Chief Probation Officer, Probation Officer, Court Reporter, Court Coordinator, and Bailiff by a total of $5,283.00. After trial, the special judge sustained the Order of Mandate with respect to salary increases for the positions of Chief Probation Officer, Probation Officer, and Court Coordinator, and overruled and denied the Order of Mandate with respect to salary increases for the Court Reporter and Bailiff.

The parties introduced evidence of salaries paid for similar positions in the surrounding counties of Washington, Crawford, Floyd, and Clark, as well as the Harrison Circuit Court. They also introduced caseload statistics for the Harrison Superior Court for 1993, 1994 and 1995, and the "Schedule of Minimum Salaries for Probation Officers" adopted by the Judicial Conference of Indiana, pursuant to Indiana Code § 11–13–1–8 and § 11–13–1–1(c). Judge Sanders testified that he has lost staff in the past because of low salaries and feared losing his present staff to other counties that pay higher salaries.

The appropriated salary for the Harrison Superior Court Probation Officer was $20,-000.00 for 1995 and $23,600.00 for 1996. Judge Sanders sought an additional $687.00 for that position. The Judicial Conference Schedule of Minimum Salaries for Probation Officers prescribes minimum salaries for probation officers with minimal experience and meeting only minimum requirements for the position. Ind.Code § 11–13–1–8. The special judge found that according to this schedule, the minimum salaries for the position of probation officer for the Harrison Superior Court for the years 1995 and 1996 were $17,187.00, and $19,240.00. In 1995, Washington County paid its probation officer $26,-325.00; Floyd County paid $26,136.000.

For the Chief Probation Officer, the appropriated salary was $23,872.00 for 1995 and $26,740.00 for 1996. The Order of Mandate sought an additional $1,596.00 for that position. The minimum salary prescribed by the Judicial Conference for 1995 was $20,240.00. The 1995 salaries for this position in the surrounding counties were $29,075.00 in Washington County, $26,750.00 in Crawford County, and $30,186.00 in Floyd County. In Clark County, the 1995 salaries for Chief Probation Officer ranged from $21,232.00 for Superior III to $29,355.00 for Superior I.

■ Mandates concerning salaries are appropriate so long as such salaries are not excessive and are commensurate with comparable positions in the private and public sectors. *Brown Circuit Court,* 507 N.E.2d at 585. Considering the nature of the Judicial Conference salary schedule, which prescribes only the *minimum* required salary, and the significantly higher salaries paid to probation and chief probation officers in the surrounding counties, we find adequate support in the record for the judgment mandating salary increases for the positions of Probation Officer and Chief Probation Officer.

■ The special judge also affirmed the Order of Mandate for additional salary for the position of Superior Court Coordinator. The Superior Court Coordinator handles all paper work for small claims cases, and is cross-trained as a court reporter. The appropriated salary for Superior Court Coordinator was $16,148.00 for 1995 and $17,098.00 for 1996. The Order of Mandate sought $1,500.00 in additional salary for this position. The Court Coordinator for the Harrison Circuit Court was paid $19,538.00 for 1995, or $3,240.00 more than the Superior Court Coordinator, although Harrison County classifies these positions alike for purposes of salary. The evidence thus supports the special judge's finding that the pay increase for the Superior Court Coordinator was rea-

sonably necessary for the operation of the Court.

The special judge overruled the Order of Mandate with respect to salary increases for the positions of Court Reporter and Bailiff. The appropriated salary for the Court Reporter was $21,556.00 in 1995. The Order of Mandate sought an additional $750.00. The special judge found that other courts in the immediate vicinity of Harrison County paid their Court reporters as follows: Washington Circuit Court, $21,112.00; Washington Superior Court, $19,212.00; Crawford Circuit Court, $14,500.00; Floyd Superior Court, $23,064.00; Floyd Circuit Court, $26,-507.00; and Floyd County Court, $20,152.00. The salary appropriated for the Harrison Superior Court Reporter was not significantly less than salaries paid in the surrounding counties.

The Bailiff was paid $14,815.00 in 1995. The Order of Mandate sought an additional $750.00 for this position. All surrounding counties except Crawford pay their bailiff more than the Harrison Superior Court. However, the Harrison Circuit Court paid its Bailiff a salary of only $10,138.00 in 1995. In Harrison County, the Bailiff's duties are strictly clerical and the salary is comparable to other clerical employees in Harrison County government.

Finding the additional funds requested for the Court Reporter and Bailiff unnecessary for the operation of the Harrison Superior Court, the special judge overruled the salary increases for these positions. We find sufficient evidence to support this conclusion.

The trial judge issued a separate "Order and Judgment on Attorney Fees." In a mandate proceeding, both sides are entitled to have their attorney fees paid by order of the special judge. *Allen County Council v. Allen Circuit Court,* 549 N.E.2d 364, 367 (Ind.1990). Accordingly, attorneys for both the Harrison County Council and the Harrison Superior Court filed motions for payment of attorney fees. The special judge granted both motions. The Harrison County Council had opposed the Superior Court's request as excessive, alleging that the Court's attorneys duplicated efforts and spent too much time on legal research in a fairly simple case. In response, we reiterate our observation made in *Allen County,* 549 N.E.2d at 367:

> [F]acts such as the number of employees involved in [the] County's court processes, the salaries paid therefor, and the volume of work required to be done by those personnel, although locally known or easily discerned, pose a logistics problem for attorneys who have the burden of proof as to those facts and the necessity for the increase in personnel and salaries in order to facilitate the work of the court.

The attorneys for the Harrison Superior Court had the burden of proof here and faced the logistics problem noted in *Allen County.* The record before us includes many exhibits and four (4) ninety-minute tapes of evidence heard by the special judge. There is nothing in this record to indicate that the special judge abused his discretion in setting the attorney fees in this case.

The findings and conclusions of Special Judge Songer are approved and the judgment is affirmed.

All Justices concur.