ATTORNEYS FOR APPELLANT
Daniel L. Taylor
J. Kent Minnette
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEES
Jeffrey C. McDermott
Angela M. Hamm
Libby Y. Mote
Carmel, Indiana

### In the
# Indiana Supreme Court

No. 54S00-0611-MF-443

IN RE: ORDER FOR MANDATE OF FUNDS

MONTGOMERY COUNTY COUNCIL,

*Appellant (Defendant below),*

v.

HONORABLE THOMAS K. MILLIGAN, JUDGE,
MONTGOMERY COUNTY CIRCUIT COURT;
HONORABLE DAVID A. AULT, JUDGE,
MONTGOMERY COUNTY SUPERIOR COURT I;
HONORABLE PEGGY Q. LOHORN, JUDGE,
MONTGOMERY COUNTY SUPERIOR COURT II;

*Appellees (Plaintiffs below).*

Appeal from the Montgomery Circuit Court, No. 54C01-0510-MI-00421
The Honorable Julian L. Ridlen, Special Judge

For Automatic Review Pursuant to Trial Rule 60.5(B)

**September 26, 2007**

**Sullivan, Justice.**

Indiana Trial Rule 60.5 establishes procedures by which intra-county disagreements about court funding may be resolved. These procedures are infrequently invoked in Indiana. In

this case, however, T.R. 60.5 has been called into play in a dispute about salaries for court staff in Montgomery County.

For several years, the Judges of the Montgomery Circuit Court, Montgomery Superior Court 1, and Montgomery Superior Court 2 had requested that the Montgomery County Council increase the salaries of their employees to a level that would be competitive with court staff salaries in neighboring or comparable counties. Although the Council had approved salary increases approximating increases in cost of living indices in most budget years, no salary increase was granted in 2005.

After their efforts in 2004 to obtain salary increases failed, and following the loss within a relatively short time period of three Circuit Court staff members to, and the offer to the Circuit Court administrative assistant of, higher-paying jobs in both the public and private sectors, the Judges issued an order on August 16, 2005, and an amended order on August 22, 2005. As amended, the order directed the Council to show cause why the annual salaries for all Montgomery County court reporters, administrative assistants, and positions classified as "secretary/bailiff/receptionist" should not be increased to specified levels for the balance of 2005 and for the 2006 budget year.

This order triggered the procedures found in T.R. 60.5 for resolving intra-county funding disputes. We appointed the Honorable Julian L. Ridlen, Judge of the Cass Circuit Court, as special judge to hear evidence and to make findings with regard to the show cause order. Following a two-day trial, Judge Ridlen entered a decree containing findings of fact and conclusions of law. The special judge's decree mandated that all of the salaries be increased to the specified levels. We express our appreciation to Judge Ridlen for his service.

Trial Rule 60.5 provides that the special judge's decree be reviewed by this Court unless the responsible governmental subdivision (in this case, the Council) expressly waives such review. The Council did not waive review, and this Court issued an order governing the filing of the record on appeal and briefs by the parties. Once fully briefed, this Court took the matter under advisement.

2

**Discussion**

**I**

The issues to be decided in a mandate proceeding are whether the funds ordered paid are reasonably necessary for the operation of the courts and any court-related functions and whether any specific fiscal or other governmental interests are so severely and adversely affected by the payment as to require the order to be set aside. In re Court Reporter Salaries in the Knox Circuit and Superior Courts, 713 N.E.2d 280, 282 (Ind. 1999) (citing Morgan Circuit Court v. Morgan County Council, 550 N.E.2d 1303, 1304 (Ind. 1990)). The annual salaries of court employees fall within a court's mandate authority and may be ordered paid at levels sufficient to attract and retain qualified persons. Morgan Circuit Court, 550 N.E.2d at 1304. Salaries for comparable positions in both the public and private sectors are relevant. Id. A court need not wait to take action until the court's operation actually has been impaired, but may act once there is a clear and present danger of impairment. Id.

Each of the three Montgomery County courts (Circuit Court, Superior Court 1, and Superior Court 2) has three employees: (1) a court reporter; (2) an administrative assistant; and (3) an employee classified as "secretary/bailiff/receptionist" ("SBR"). In 2004, the salaries established by the Council for these positions ranged as follows:

**Table 1**

| Montgomery County Court Employee Salaries -- 2004 | | |
|---|---|---|
| | Lowest | Highest |
| Court Reporter | $21,069 | $23,637 |
| Administrative Assistant | $19,142 | $23,637 |
| SBR | $19,142 | $23,637 |

Concerned about their inability to attract and retain employees at the existing salary structure, the Judges sent two letters to Council president Terry Hockersmith in July and August 2004, requesting 2005 salaries of $30,700 for court reporters, $28,100 for administrative assistants, and $26,200 for SBRs. The Judges also provided comparative data from other counties.

3

However, the Council did not comply with the Judges' request and, in fact, did not grant any salary increases to the nine court employees in 2005. (In 2006, with only one exception, these salaries each were budgeted to increase modestly.)

The Circuit Court lost three court employees between November 2003 and November 2004 to higher-paying jobs in the public and private sectors. In the summer of 2005, a local attorney made an employment offer involving a higher salary to the Circuit Court administrative assistant. The administrative assistant was poised to accept the offer, but the Circuit Court judge persuaded her to stay while the Judges made efforts to secure salary increases for their employees. The Judges approached the Council one more time, again unsuccessfully. Thereafter, in August 2005, the Judges issued their mandate order.

The order required that the employees be paid for the remainder of 2005 at the following annual salary rates:

**Table 2**

| Montgomery County Court Employee Salaries As Mandated 2005 | |
| --- | --- |
| Court Reporter | $31,200 |
| Administrative Assistant | $31,200 |
| SBR | $27,200 |

The mandate provided further that the employees would be paid at those same rates for 2006 plus any county-wide percentage increase approved by the Council.

As noted above, salaries of court employees may be ordered paid at sufficient levels to attract and retain qualified persons. See Morgan Circuit Court, 550 N.E.2d at 1304. Mandated funds must be "reasonably necessary" for the operation of the courts, and a mandate may be issued when there is a "clear and present danger" of impairment to the courts' operation. Id.

Exhibits produced at trial compared the salaries of the Montgomery County court employees to those of court employees in several other counties. The counties utilized for compari-

4

son were those with comparable weighted caseloads (Dearborn, Floyd, Franklin, Hendricks, Perry, and Vanderburgh), those contiguous to Montgomery County (Boone, Clinton, Tippecanoe, Fountain, Parke, Putnam, and Hendricks), and those counties that compete with Montgomery County for employees (Boone, Tippecanoe, Putnam, Hendricks, and Marion).

Salary data from each of these groups of counties is relevant to some extent. Comparison with counties with similar weighted caseloads takes into consideration the volume of work performed by court employees. However, the relevance of this comparison under the circumstances of this case is influenced primarily by geographic and labor market considerations. Comparisons with competing and contiguous counties take into account the most immediate "threat" to a court's ability to attract and retain employees. Under the circumstances of this case, we believe that comparison of Montgomery County court employee salaries with salaries of court employees in contiguous counties provides the most useful benchmark for examining what salaries are "reasonably necessary" for Montgomery County to attract and retain qualified persons.

The evidence produced at trial indicated the following ranges in salaries for court employees in counties contiguous to Montgomery County in 2005.

### Table 3

| Court Employee Salaries (Counties Contiguous to Montgomery County) | | |
|---|---|---|
| | 2005 | |
| | Lowest | Highest |
| Court Reporter | $25,350 | $35,518 |
| Administrative Assistant | $24,930 | $33,234 |
| SBR | $20,850 | $29,125 |

Should the Montgomery County court employees be paid at or below the low end of these salary ranges, the courts' ability to attract and retain employees would be comparatively weak. On the other hand, salaries at the upper level of these ranges would exceed what is reasonably necessary for Montgomery County courts to be competitive. Further, approval of salaries at the upper level of these ranges would unduly encourage mandates from courts in which

5

employees' salaries are not at the upper level.  We believe that salaries near the middle of these ranges achieve what is reasonably necessary to avoid impairment of court operations while appropriately recognizing the extraordinary nature of a mandate.

The following table compares the highest salary paid to court employees in Montgomery County in 2005 with the mean and median of the salary ranges in contiguous counties in that year.

**Table 4**

| Court Employee Salary Comparison -- Montgomery and Contiguous Counties | | | |
|---|---|---|---|
| | **2005** | | |
| | Montgomery County | Contiguous Counties | |
| | Highest | Mean | Median |
| Court Reporter | $23,637 | $30,266 | $29,346 |
| Administrative Assistant | $23,637 | $28,230 | $27,036 |
| SBR | $23,637 | $25,736 | $26,392 |

Tables 1, 3, and 4 show that all but one of the salaries of Montgomery County court staff prior to the mandate were below the low end of the salary ranges of contiguous counties, and all of the salaries were below both the mean and median salaries of contiguous counties.   However, the mandated salaries of $31,200 for court reporters and administrative assistants and $27,200 for SBRs exceed both the means and medians of the 2005 salary ranges in contiguous counties, by anywhere from several hundred dollars to several thousand dollars.  Accordingly, while a mandate was warranted, it cannot be approved in the amounts requested.

We direct that the salaries of each category of employee be as set forth in the following table.

**Table 5**

| Montgomery County Employee Salaries -- Supreme Court Decision | | | |
|---|---|---|---|
| | Aug. 16, 2005 - Dec. 31, 2005 | Calendar Year 2006 | Calendar Year 2007 |
| Court Reporter | $29,800 | $30,700 | 2006 Amount |
| Administrative Assistant | $27,600 | $28,400 | Plus General |
| SBR | $26,100 | $26,900 | Increase Given |

These amounts reflect, for each category of employee: (a) for 2005, the midpoint between the mean and median of the 2005 salary ranges in contiguous counties; (b) for 2006, the 2005 amount plus 3% (the general increase given all Montgomery county employees for 2006); and (c) for 2007, the 2006 amount plus a percentage equal to the general increase given all such county employees for 2007. All amounts are rounded up to the nearest $100. To the extent that any employee has been paid less than this amount during the periods indicated, the county shall pay the employee the difference (less all tax and other withholdings that would have been applicable) in one or more payments before December 31, 2007. To the extent that any employee has been paid more than this amount during the periods indicated, the employee shall have no obligation to repay any excess.

## II

Given that the proper delivery of judicial services is often at stake in T.R. 60.5 proceedings, this Court has recognized the necessity of proper compensation for attorneys who represent courts in such matters. Kramer v. Hancock County Court, 448 N.E.2d 1190, 1192 (Ind. 1983). At the completion of the trial in the present matter, counsel for the Judges submitted an invoice for legal services and expenses totaling approximately $128,300. The Council challenges this amount as excessive.

The amount of attorney fees awarded in T.R. 60.5 proceedings has occasionally been challenged, but not in the recent past. Perhaps as a consequence, the amounts at stake were far less than the amount involved here. See In re Mandate of Funds in the Harrison Superior Court, 674 N.E.2d 555 (Ind. 1996) (affirming an attorney fee award of approximately $10,300); Morgan

Circuit Court v. Morgan County Council, 550 N.E.2d 1303 (Ind. 1990) ($6,000); Allen County Council v. Allen Circuit Court, 549 N.E.2d 364 (Ind. 1990) ($27,800); Kramer, 448 N.E.2d 1190 ($3,300); Vigo County Council v. Vigo Superior Court, Division I, 397 N.E.2d 969 (Ind. 1979) ($3,000).

We have identified as the principal considerations in determining the appropriate amount of attorney fees in T.R. 60.5 proceedings the logistics problems faced by attorneys who have the burden of proof as to the number of employees involved in court processes, the salaries paid therefor, the volume of work required to be done by those personnel, and the necessity for the increase in salaries in order to facilitate the work of the court. Harrison Superior Court, 674 N.E.2d at 558 (quoting Allen County Council, 549 N.E.2d at 367). More generally, our Rules of Professional Conduct give us guidance as to factors to be considered in determining the reasonableness of attorney fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

Ind. Professional Conduct Rule 1.5(a).

This case was protracted, including as it did a full trial and all of the time and labor that requires. The hourly rates initially charged by the lawyers involved in the case were $320 by the

8

senior-most lawyer involved, $190 by a second, and $140 by several law clerks assigned to the case. (The rates of the two lawyers were increased by $20 per hour during the course of the representation.) The senior lawyer testified that the firm's billing rates are reviewed and adjusted annually by the firm based on factors including the type of work, degree of sophistication, years of practice, experience, and survey of other lawyers' rates in the Indianapolis and Carmel areas. He further testified that an extensive amount of "legwork" was required to collect evidence on comparative salary data. There was no evidence that the firm was precluded from other employment because of this representation. The substantial experience and superior reputation and ability of the lawyers here and of their firm are well known.

On the other hand, the questions involved in this matter are frequently recurring and straightforward. Judge Milligan of the Montgomery Circuit Court testified that the normal range of hourly rates for attorney fees he approves in his court is $125-$175. There do not appear to have been any particularly stringent or excessive time demands connected with this litigation. Most of the "legwork" required does not appear to have required legal training. And the amounts involved, as measured by the aggregate annual amount of the differences between the salaries approved by the Council for 2006 and the amounts required by the mandate order, totaled approximately $85,000. Under these circumstances, we believe it appropriate to limit the amount of attorney fees awarded here.

We have examined the fee and expense request in some detail and note that it seeks $124,525 in fees and $3,772.79 in costs. The fee request is based on 574.25 hours. The Council does not contest the number of hours nor the amount of costs; its only request is that the hourly rate for the work be limited to the normal range for attorney fees in Montgomery County. Based on the factors set forth in the preceding two paragraphs and particularly on the fact that the Council does not contest the number of hours worked, we conclude that the attorney fee award shall be $72,810.29, calculated as set forth in the margin.[1] To the extent that counsel has been

---

[1] The bill reflects and the trial court order recites that 574.25 hours were expended by counsel. However, our review of the firm's invoice indicates that the firm did not charge for 88 hours. The invoice submitted by counsel itemizes 437.50 hours of charged attorney time and 48.75 hours of charged paralegal and law clerk time. Our attorney fee award reflects attorney compensation at a rate of $150 per hour, paralegal and law clerk compensation at a rate of $70 per hour, and costs as billed.

paid less than this amount by the county, the county shall pay counsel the balance of the amount owed in no less than three equal installments on December 31, 2007, June 30, 2008, and December 31, 2008. No appellate attorney fees shall be awarded. See Morgan Circuit Court, 550 N.E.2d at 1306.

## III

The County Council also seeks our review of the mandate court's finding that the Montgomery County Auditor had been in contempt for failing to make certain expenditures from the County Bond Administration Fund. The Auditor responded to the mandate court's order to that court's satisfaction and the contempt order was vacated. We find the issue to be moot.

## Conclusion

The order of the trial court mandating certain salary increases for employees of the Circuit and Superior Courts is affirmed to the extent set forth in part I of this decision. The request of counsel for attorney fees is affirmed to the extent set forth in part II.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.