

FILED

May 16 2019, 12:18 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Indiana Supreme Court

Supreme Court Case No. 18S-CB-442

## In the Matter of Mandate of Funds for the Lake Superior Court; Lake County Council and Lake County Auditor,

*Appellants/Cross-Appellees,*

–v–

## The Hon. John R. Pera, et al.,

*Appellees/Cross-Appellants.*

Decided: May 16, 2019

Review from the Lake Superior Court, No. 45D10-1702-CB-3

The Honorable W. Tobin McClamroch, Special Judge

On Automatic Review under Trial Rule 60.5(B) and Appellate Rule 61

**Per Curiam Opinion**

All Justices concur.

**Per curiam**

In this mandate-of-funds action, the parties' only remaining dispute is over what attorney's fees and expenses the Judges of the Lake Superior Court should recover. The parties put this question to the Special Judge, who ruled that the Judges are entitled to recover $176,467.17. Having reviewed each side's challenge to that award, we affirm.

# Facts and Procedural History

Early in 2017, fourteen Judges of the Lake Superior Court issued an Order for Mandate of Funds under Indiana Trial Rule 60.5. The order found that valuable court employees are underpaid, endangering the court's ability to continue operating in an efficient manner. The order required the Lake County Council and the Lake County Auditor (collectively, "the Council") to provide funding, including scheduled raises, for court employees. The order covered over 170 court employees in twelve job classifications. According to the Council, complying with the order would cost the County between $1.5 and $2.3 million.

We appointed attorney W. Tobin McClamroch as Special Judge to hear the case. Each side retained counsel. Discovery ensued: multiple requests for production and interrogatories were used, and two dozen depositions were taken. Salary information was compiled. Mediation occurred but was unsuccessful in resolving the case. The parties prepared for trial and filed pretrial briefs and multi-page lists of witnesses and exhibits.

A few days before the three-day bench trial was set to start, the parties announced they agreed to settle the dispute. At the parties' request, the trial was vacated. The parties then negotiated the specifics of their settlement. Their Settlement Agreement and Release is not in the record, but the parties agree it includes the following paragraph:

> The County will pay the reasonable legal fees and expenses
> incurred by the Superior Court in prosecuting the Mandate
> Action prior to the dismissal of the Mandate Action. In the
> event the parties are unable to agree to this amount, the parties

agree to submit the issue to the Special Judge for a decision. Either party may seek review of that decision before the Indiana Supreme Court. The Superior Court[ ] agree[s] that the Council has no further obligation for attorney fees in this matter.

Appellants' App. Vol. II at 17.

The Judges requested $223,234.17 in legal fees and expenses. That amount consisted of 237.2 billed hours of attorney Jeffrey C. McDermott at $430/hr.; 309.4 billed hours of attorney William J. Barkimer at $245/hr.; 30.4 billed hours of attorney Matthew C. Branic at $245/hr.; 133.6 billed hours of a paralegal at $195/hr.; and expenses totaling $11,935.17. The Council opposed the Judges' request as excessive.

The parties submitted their dispute over fees and expenses to the Special Judge by filing briefs and documentary evidence. In his Findings of Fact, Conclusions of Law, and Order, the Special Judge concluded the Judges' expenses and attorneys' time entries were all reasonable in light of the case's complexity. He found, however, that the Judges should recover no more than the reasonable and customary hourly rate for an attorney in Lake County, and so he limited the hourly rate to $240/hr. for each of the Judges' attorneys. *Id.* at 18-19. He accordingly ordered the Council to pay the Judges $176,467.17 for their fees and expenses.

Review has not been waived under T.R. 60.5(B). Therefore, we address the Council's appeal and the Judges' cross-appeal.

## Discussion and Decision

We recognize the necessity of proper compensation for attorneys who represent courts in mandate cases. *Montgomery Cty. Council v. Milligan*, 873 N.E.2d 1043, 1049 (Ind. 2007). The "principal considerations in determining the appropriate amount of attorney fees in T.R. 60.5 proceedings" are "the logistics problems faced by attorneys who have the burden of proof as to the number of employees involved in court processes, the salaries paid therefor, the volume of work required to be done by those personnel, and

the necessity for the increase in salaries in order to facilitate the work of the court." *Id.*

The factors listed in Indiana Professional Conduct Rule 1.5(a) also provide general guidance for determining reasonableness of attorney's fees. *Id.* Those factors include, among others, "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; … (3) the fee customarily charged in the locality for similar legal services; [and] (4) the amount involved and the results obtained[.]" *Id.* (quoting Prof. Cond. R. 1.5(a)). In any event, a trial court's order in a mandate action shall not "direct that attorney fees be paid at a rate greater than the reasonable and customary hourly rate for an attorney in the county." T.R. 60.5(B).

Generally, we will affirm the action of the special judge in a mandate action if there is substantial evidence of probative value to sustain it. *Schiralli v. Lake Cty. Council*, 504 N.E.2d 1020, 1021-22 (Ind. 1987). Where reasonableness of attorney's fees is at issue, we have affirmed absent an abuse of discretion. *In re Mandate of Funds in the Harrison Super. Ct.*, 674 N.E.2d 555, 558 (Ind. 1996). Also, we recognize that a trial judge "possesses personal expertise that he or she may use when determining reasonable attorney's fees." *Masters v. Masters*, 43 N.E.3d 570, 576 (Ind. 2015).

## I. The Council's Appeal

We disagree with the Council's first argument that $176,467.17 is excessive due to the lack of results obtained by the Judges. "Entitlement to attorney fees is not contingent on success on the merits." *St. Joseph Cty. Comm'rs v. Nemeth*, 929 N.E.2d 703, 721 (Ind. 2010). And even if we consider the "results obtained" under Prof. Cond. R. 1.5(a)(4), the Council's argument fails because it has not included in the record a copy of the entire Settlement Agreement and Release clearly showing what promises, arrangements, and concessions each side made in the agreement. Without the text of the agreement or an agreed statement of its contents, the Council fails to demonstrate that the Judges obtained no results.

Moreover, the Council acknowledges the agreement provided for employee pay increases in 2018 and included a promise by the Council to fund a "supplemental pay" arrangement. Appellants' Br. at 13-14. For their part, the Judges report the agreement also guaranteed that the court's employees would not be evaluated by an outside consultant hired by the Council; the Council does not deny it made such a promise. *See* Appellants' Br. at 22; Appellees' Br. at 15-16 n.6. As it appears the agreement required salary increases for 2018, a "supplemental pay" arrangement, and a promise not to use an outside evaluator to review employees, we conclude the Judges achieved substantial employee-related results, even if those results do not match the precise relief sought when the mandate order was issued.

Likewise, we find no merit in the Council's argument that the award should be reduced because the case was not complex and the Judges' attorneys overstaffed it and incurred unnecessary expenses. The Council's own submission of approximately sixty pages of appellate briefing indicates the case was complex. And while the Special Judge acknowledged the Council's objections, he found "the Judges' counsel's time entries and expenses are reasonable in light of the complexity of the Mandate Matter." App. Vol. II at 18.

The record supports the Special Judge's findings. This case involved over 170 employees in twelve employment positions, two experts retained by the Council, two dozen depositions, multiple witnesses and exhibits, the parties' preparation for both mediation and trial, negotiation of an agreement, and briefing of the fees and expenses issue. The evidence included the affidavit of McDermott, who stated he has practiced law in Indiana since 1986 and served on Krieg DeVault LLP's Executive Committee for twelve years, as the Executive Partner of Krieg DeVault's Hamilton County office for fifteen years, and as chair of Krieg DeVault's litigation practice group for five years. App. Vol. II at 103. The affidavit shows McDermott reviewed the billing records and concluded the fees reflected in those records were "necessary to properly represent the Judges in this matter and are reasonable in light of the time and labor involved, the complexity and novelty of the questions presented, the significant challenges encountered by this particular case, and the skills required." *Id.* at 105. McDermott's affidavit, alone or in conjunction with the Special

Judge's own personal expertise, supports the Special Judge's finding of reasonableness in the Judges' attorneys' time entries and expenses.

## II. The Judges' Cross-Appeal

The record also supports the Special Judge's decision that the Judges are entitled to recover only $240/hr. for the legal services of McDermott. In awarding $240/hr. for McDermott's services, the Special Judge found "that the evidence presented and cases the Council cited are more compelling for determining the standard hourly rates in Lake County." App. Vol. II at 18. The Special Judge cited two decisions from the Hammond Division of the United States District Court for the Northern Division of Indiana finding $240/hr. to be a reasonable hourly fee for an attorney based in Merrillville, which is in Lake County. *See id.* (citing *Shabaz v. Senior Care Ins. Servs.*, No. 2:16-CV-222-JEM, 2017 U.S. Dist. LEXIS 121151 (N.D. Ind. Aug. 2, 2017); *McNamee v. Family Focus, Inc.*, No. 2:14-CV-260, 2017 U.S. Dist. LEXIS 119606 (N.D. Ind. July 31, 2017)).

In their cross-appeal, the Judges note that neither federal decision involved a mandate. The Judges also point to an affidavit of attorney Robert A. Anderson, which they offered to support their request for $430/hr. for McDermott's services. But the Special Judge did not rely solely on the federal decisions. And the Council's evidence included an affidavit of John S. Dull, attorney for the Lake County Commissioners. Dull's affidavit states that for decades he has hired attorneys to provide legal services on behalf of the Commissioners. It states that the hourly rates for attorneys hired to provide "litigation work," including some attorneys with decades of experience, range from $150/hr. to $200/hr. App. Vol. III at 118. Thus, a finding that the Judges should recover $240/hr. for McDermott's services was within the range of the evidence presented.

Finally, we deny the Judges' request for an opportunity to submit evidence of their appellate legal fees and expenses. The agreement does not explicitly provide for payment of appellate fees and expenses. And, in any event, we conclude that an additional award for such expenses is unwarranted here. The amount already awarded—$176,467.17—is substantial. The Judges have not incurred any appellate filing fee or costs

for a transcript. Their appellate briefs largely repackaged the written arguments made to the Special Judge, and those briefs contain a cross-appeal that lacks merit. And the case has been pending for two years; further litigation over fees and expenses would increase the case's costs to taxpayers and delay final resolution.

## Conclusion

We affirm, concluding that substantial evidence supports the $176,467.17 award to the Judges and that the Special Judge did not abuse his discretion.

All Justices concur.

ATTORNEYS FOR APPELLANTS/CROSS-APPELLEES
Anthony W. Overholt
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES/CROSS-APPELLANTS
Jeffrey C. McDermott
William J. Barkimer
Krieg DeVault LLP
Carmel, Indiana